769 P.2d 1138

**Lacey SIVAK, Petitioner–Appellant,**

**v.**

**ADA COUNTY, Respondent.**

**No. 17773.**

Court of Appeals of Idaho.

March 8, 1989.

Lacey Sivak, pro se.

Jim Jones, Atty. Gen. by Timothy D. Wilson, Deputy Atty. Gen., for respondent.

PER CURIAM.

Lacey Sivak, a prison inmate who was briefly incarcerated at the Ada County jail, seeks our review of a district court order dismissing his appeal from a magistrate's order which denied his petition for a writ of habeas corpus. While in the jail, Sivak was disciplined for certain misconduct which is not at issue here. His petition alleged that he had received an untimely disciplinary hearing, that the hearing had been conducted by an officer biased against him, and that his punishment after the hearing included unconstitutional limitations on communications with his attorney. The magistrate denied the petition, finding the allegations insufficient to warrant relief. The district judge dismissed Sivak's appeal upon the ground that the case was moot. Today we affirm the district court's order, albeit partly for different reasons.

Sivak has alleged that the disciplinary hearing was untimely according to the jail's rules governing such administrative hearings. Because the magistrate did not conduct an evidentiary hearing on the petition, we will accept Sivak's factual allegations as true. *Mahaffey v. State*, 87 Idaho 228, 392 P.2d 279 (1964). Although a deviation from statutory or regulatory standards does not establish a constitutional violation *per se*, it is a factor to be considered when determining whether a habeas corpus petitioner has suffered a significant deprivation. *Wilson v. State*, 113 Idaho 563, 567, 746 P.2d 1022, 1026 (Ct.App. 1987). Here, Sivak received a hearing two working days after the time allowed by the jail's rule. Upon these facts, we agree with the magistrate that the delay did not frame an issue on which habeas relief could be granted.

Sivak next alleged that the disciplinary hearing officer was biased against him. However, Sivak's petition contained no attack upon the content of the hearing officer's decision. The petition did not contest the officer's findings regarding the conduct for which he was disciplined, nor the officer's determination of the appropriate disciplinary measures. Consequently, we perceive no nexus between Sivak's allegation of bias and the conditions of his confinement. Again, we agree with the magistrate that Sivak did not allege facts framing an issue on which habeas relief could be granted.

Finally, Sivak's petition alleged that his discipline included impermissible limitations on communications with his attorney. However, such limitations do not appear in the hearing officer's decision. To the contrary, it is undisputed that the hearing officer's decision specifically said, "Sivak is to be allowed the unfettered right to communicate with his attorney." In reality, Sivak's allegation is that the jailers, on their own, restricted his communications with his attorney. Taken as true, this allegation would present an issue suitable for habeas corpus relief. However, on this issue, we agree with the district court's determination of mootness. Sivak has long since been transferred from the Ada County jail back to the Idaho State Correctional Institution. Not only are Sivak's future legal communications unlikely to be hindered by the Ada County jail officials, he has not alleged that a pattern of violations regarding inmate-attorney communications existed at the Ada County jail.

The doctrine of mootness is subject to an exception if an alleged constitutional violation is likely to be repeated, the duration of the violation is predictably less than the time ordinarily required to obtain a judicial hearing on the issue, and the alleged violation is of strong public interest. *Gawron v. Roberts*, 113 Idaho 330, 743 P.2d 983 (Ct.App.1987); *Mallery v. Lewis*, 106 Idaho 227, 234, 678 P.2d 19, 26 (1983). In this case, we hold that the likelihood of a repeated violation is slight, and that the public interest is adequately served by approving—as we do—the hearing officer's

directive that Sivak be given the "unfettered" right to communicate with his attorney.

Accordingly, we affirm the district court's order, allowing the magistrate's order to stand. No costs or attorney fees awarded on appeal.