873 P.2d 914

**Kristine M. CLAIBORNE, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20869.

Court of Appeals of Idaho.

April 22, 1994.

W. Breck Seiniger, Jr., Boise, for petitioner-appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

Kristine M. Claiborne appeals from a ruling of the district court that upheld the magistrate's decision to suspend her driver's license for refusal to submit to a breath test pursuant to I.C. § 18–8002. For the reasons stated below, we affirm.

On June 20, 1992, Claiborne was arrested by Officer Dave Lane of the Boise Police Department for driving under the influence, I.C. § 18–8004, and taken to the Ada County Jail. After she refused to submit to a breath analysis to determine her blood alcohol content, Claiborne's license was seized by the officer in accordance with I.C. § 18–8002. Claiborne then requested a hearing to contest the seizure of her license, as provided for in I.C. § 18–8002(4)(b).

At the hearing before the magistrate, Claiborne testified that during her intake and booking at the jail she asked an unnamed, uniformed officer to read her rights to her. Claiborne further testified "... then the comment was made that, as of that time, I had no rights." Claiborne claims that although Officer Lane later read her the standard form advising her of her rights in relation to the breath test procedure, she requested the opportunity to read the form herself. Claiborne claims that she was not allowed to read the form, though it is unclear whether she claims she was not provided adequate time to read the form or whether the form was not given to her. Claiborne admitted, however, that she "was advised of what the form had said." Nevertheless, Claiborne refused to submit to the breath test. Officer Lane noted in the affidavit of refusal to take the test that Claiborne said she refused because the officer "did not read her her rights."

Officer Lane also testified at the hearing before the magistrate. Lane testified that he provides every defendant a copy of the I.C. § 18–8002 advisory form. He further testified that he then reads the form to the defendant and asks if the defendant has any questions. Lane stated that he asked Claiborne if she understood what he had told her and that Claiborne responded "yes." Lane indicated that when asked if she would take the breath test, Claiborne stated "no."

The magistrate determined that Claiborne had failed to meet her burden to prove that she was not adequately advised pursuant to I.C. § 18–8002(3) or that she did not understand the rights read to her and entered a suspension of her driving privileges. On appeal, the district court ruled from the bench to affirm the magistrate. Claiborne was subsequently acquitted of the underlying driving under the influence charge.

Claiborne now appeals, claiming that she did, in fact, establish legally sufficient cause why her license should not have been suspended and the magistrate's determination otherwise was erroneous. We disagree and affirm the decision of the magistrate.

We first note that on review of a decision of the district court rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Waggoner v. State,* 121 Idaho 758, 760, 828 P.2d 321, 323 (Ct.App. 1991); *Harney v. Weatherby,* 116 Idaho 904, 906, 781 P.2d 241, 243 (Ct.App.1989).

Under I.C. § 18–8002(4)(b), it is the defendant's burden at the hearing to show cause why submission to the breath test was refused. The statute instructs the court to suspend the defendant's license unless it is shown that the original stop was made without probable cause or the request to take breath test violated the defendant's civil rights. The Supreme Court has recognized that a defendant may prevail by proving any one of seven particularized matters. *See Matter of Griffiths,* 113 Idaho 364, 368, 744 P.2d 92, 96 (1987).

With respect to the findings of fact and conclusions of law below, this Court stated in *Matter of Goerig,* 121 Idaho 26, 28, 822 P.2d 545, 547 (Ct.App.1991), that:

> An appellate court must defer to findings of fact based upon substantial evidence, but it will review freely the conclusions of law reached by stating legal rules or principles and applying them to the facts found. Accordingly, in the present case, we will uphold factual findings made by the magistrate as long as the findings are not "clearly erroneous"; however, we will review freely the court's conclusion that the facts as found constitute sufficient cause to refuse to take the test. [Citations omitted.]

In this case, the magistrate found that Claiborne had been orally informed of her rights regarding refusal to take the test, that she had been given a copy of the I.C. § 18–8002 advisory form, and that she indicated to the police officer that she understood those rights. Furthermore, the magistrate found that it was possible that someone had told Claiborne that she had no rights once in the police station. There is substantial evidence, in the form of the testimony of the arresting officer and Claiborne herself, for us to uphold these findings of fact.

As to their legal effect, however, the magistrate determined that even if Claiborne had requested a chance to read the form on her own, I.C. § 18–8002 did not require fulfillment of such a request. We agree. As the magistrate noted, the statute as written makes no provision that each individual be allowed the opportunity to personally read the form. Claiborne admitted that she had been advised of the contents of the form. We will not find such a requirement in the absence of proof that the individual had a hearing impairment or was otherwise unable to understand the rights as read by the officer. We find nothing that indicates the requisite information was improperly or incompletely imparted to Claiborne. The magistrate found that Claiborne told the officer that she understood that which he read to her. As such, we must affirm the magistrate's legal conclusion that the requirements of I.C. § 18–8002 were properly met.

With respect to Claiborne's argument that an unnamed, uniformed officer told her she had no rights, we can find no prejudice. Claiborne asserts that this comment created intimidation, confusion, and took away Claiborne's opportunity to make a deliberate choice, thereby violating her civil rights. Beyond Claiborne's testimony as to the comment of the unnamed officer, however, no other testimony was offered to support these claims. We agree with the magistrate that although Claiborne's arrest and booking may have been unpleasant, her evidence does not meet her burden to show that she was somehow coerced into making any particular decision or that her civil rights were violated.

Therefore, we conclude that the findings of fact by the magistrate were supported by substantial evidence. After reviewing the record, we also agree with the conclusions of law reached by the magistrate and therefore affirm the magistrate's suspension of Claiborne's license pursuant to I.C. § 18–8002. Costs to respondent.

WALTERS, C.J., and LANSING, J., concur.