**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49907**

| | |
|---|---|
| Re: Petition for Writ of Habeas Corpus. ) | |
| ) | |
| JAMES ALLEN FLOYD, ) | |
| ) | **Filed: July 13, 2023** |
| Petitioner-Appellant, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| IDAHO STATE PAROLE ) | **OPINION AND SHALL NOT** |
| COMMISSION, DEANNA L. BRINK, ) | **BE CITED AS AUTHORITY** |
| JASON WORTHEN, JULIE BRYANT, ) | |
| ) | |
| Respondents-Respondents ) | |
| on Appeal. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Ransom Bailey, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming dismissal of petition for writ of habeas corpus, <u>affirmed</u>; order denying motion for reconsideration, <u>affirmed</u>.

James Allen Floyd, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Nathan A. Austin, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

James Allen Floyd appeals from the district court's decision on intermediate appeal, affirming the magistrate court's order dismissing Floyd's petition for writ of habeas corpus and the order denying Floyd's motion for reconsideration of the dismissal. Floyd argues constitutional violations occurred during the course of his parole revocation that entitle him to new parole revocation proceedings. We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the Idaho Commission for Pardons and Parole's decision to revoke Floyd's parole. The report of parole violation filed by Floyd's parole officer alleged that Floyd (a sex offender required to register pursuant to the Sexual Offender Registration and Community Right to Know Act, I.C. § 18-8301, et seq.) had violated his parole. The report alleged that Floyd had violated the law by moving to an address across the street from a school where he could not lawfully reside or register, that he had changed residence without permission from his parole officer, and that he had actively avoided supervision. A parole violation hearing was held, after which the hearing officer dismissed the first charge, and Floyd admitted that he had changed residence without permission and actively avoided supervision. After a revocation hearing, the Commission for Pardons and Parole, citing "supervision history; committed offense on supervision; no reentry plan," revoked Floyd's parole.

Floyd filed a petition for writ of habeas corpus in the magistrate court. Floyd contended his due process rights were violated because his "guilty plea" to the parole violations was coerced; he did not receive adequate notice he allegedly absconded; he was unable to present documentary evidence during the hearing; he did not receive a police report "that contained adverse information" relating to his alleged parole violations; his re-entry plan was "intentionally withheld"; and the Commission abused its discretion in finding Floyd committed an offense.

The magistrate court dismissed Floyd's petition prior to service on the respondents. *See* I.C. § 19-4209(1). The magistrate court concluded Floyd failed to state a constitutional violation upon which relief could be granted. Regarding whether Floyd's "guilty plea" was coerced, the magistrate court concluded that, "even assuming that coercion of a parole violation guilty plea can rise to the level of a constitutional violation, these allegations fall far short of what would typically be required to show coercion." The magistrate court also found Floyd "received requisite notice of the parole violation charges against him," including "his failure to adhere to his parole supervision terms and his avoiding (absconding) supervision." Next, the magistrate court rejected Floyd's allegations of constitutional violations around his alleged inability to present documentary evidence and the alleged nondisclosure of a police report because, in both instances, the magistrate court concluded Floyd failed to show how these documents were "relevant and exculpatory." The

magistrate court noted the absence of Floyd's re-entry plan was "not the only reason his parole was revoked" and concluded that, even if the re-entry plan had been included, its presence "would also not necessarily have explained how [Floyd] was going to start following the parole condition requirements." Lastly, the magistrate court rejected Floyd's contention the Commission abused its discretion in finding that Floyd committed an offense while on supervision, because while Floyd "was not criminally charged or convicted," he was "living across the street from an elementary school, which, as a registered sex offender, he appears not to be permitted to do." Following dismissal of his petition, Floyd filed a motion for reconsideration pursuant I.R.C.P. 59(e) and 60(b). The magistrate court denied the motion for reconsideration.

Floyd appealed to the district court. On intermediate appeal, the district court affirmed the magistrate court's dismissal of Floyd's petition. The district court determined Floyd waived a number of issues on appeal and also raised new issues on appeal, which the district court declined to consider. As to the remaining issues, the district court concluded the magistrate court did not abuse its discretion in dismissing Floyd's petition or in denying his motion for reconsideration. Floyd appeals.

## II.

### STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such

3

discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). If a petitioner is not entitled to relief on a petition for a writ of habeas corpus, the decision by the petitioned court to dismiss the petition without an evidentiary hearing will be upheld. *Brennan*, 122 Idaho at 917, 841 P.2d at 447. When appealing from denial of a petition for writ of habeas corpus, the petitioner has the burden of establishing error. *Hoots v. Craven*, 146 Idaho 271, 274, 192 P.3d 1095, 1098 (Ct. App. 2008).

## III.

## ANALYSIS

Floyd contends the district court erred in affirming the magistrate court's dismissal of his petition for writ of habeas corpus. The writ of habeas corpus is a constitutionally mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; I.C. §§ 19-4201 to 19-4226; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). The essence of habeas corpus is an attack upon the legality of a person's detention for the purpose of securing release where custody is illegal and is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *In re Robison*, 107 Idaho 1055, 1057, 695 P.2d 440, 442 (Ct. App. 1985).

A petition for writ of habeas corpus may be used to challenge the revocation of parole or the violation of a parolee's constitutional rights during the course of the parole revocation proceedings. I.C. §§ 19-4205(2)(b), 19-4213. A parolee at a parole revocation proceeding is entitled to some due process protections. *Morrissey v. Brewer*, 408 U.S. 471, 481-90 (1972); *Smith v. Idaho Dep't of Corr.*, 128 Idaho 768, 771, 918 P.2d 1213, 1216 (1996). Specifically, due process requires:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

4

*Morrissey*, 408 U.S. at 489. In addition to showing a procedure was unconstitutional, the petition must also demonstrate how the constitutional violation adversely affected or prejudiced the petitioner. *Waggoner v. State*, 121 Idaho 758, 760, 828 P.2d 321, 323 (Ct. App. 1991).

As an initial matter, we address Floyd's failure to comply with the appellate rules. *See Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009) (noting pro se litigants are not accorded special latitude and are held to the same standards and rules as litigants represented by counsel). Idaho Appellate Rule 35 sets out the required contents of an appellant's brief, including specifications for the issue and argument sections. The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will generally eliminate consideration of the issue from appeal. *State v. Byrum*, 167 Idaho 735, 739, 476 P.3d 402, 406 (Ct. App. 2020).

Pursuant to I.A.R. 35(a)(6), the appellant's argument portion of the brief "shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." An appellant's brief must also articulate the appropriate standard of review because the appellant must address the matters this Court considers in evaluating a claim on appeal. *Byrum*, 167 Idaho at 739, 476 P.3d at 406; *see* I.A.R. 35(a)(6). Failure to include the appropriate standard of review or provide analysis based on the appropriate standard of review generally results in the appellant presenting a conclusory argument, which results in waiver of the issue. *Byrum*, 167 Idaho at 739-40, 476 P.3d at 406-07.

On appeal to this Court, Floyd fails to include several issues which he presents in his argument in his statement of issues, as required by I.A.R. 35(a)(4). Likewise, Floyd lists issues in his statement of issues but does not present argument specific to these issues, as required by I.A.R. 35(a)(6).[1] Additionally, while Floyd does include a generalized standard of review section in his brief, he often presents only conclusory arguments for the remaining issues. Consequently, the issues not listed in the issues presented or offered without cogent argument are all waived on

---

[1]     These issues revolve around Floyd's claims that his re-entry plan was withheld; the district court abused its discretion in denying his motion for reconsideration; and the magistrate court's decision to take judicial notice that the residence Floyd moved to was within 500 feet of a school.

appeal. We do, however, individually address the issues Floyd presented in his petition for writ of habeas corpus and has continued to raise on appeal.

A.    **Presentation of Defense**

First, Floyd contends his due process rights required the parole violation hearing officer to listen to his concern that the parole violation allegations were repetitive and that he was denied an opportunity to present documentary evidence at his parole revocation hearing. The district court concluded the first issue was not preserved for appeal because Floyd failed to argue before the magistrate court that the hearing officer's alleged failure to listen represented a due process violation. Next, the district court affirmed the magistrate court's determination that the documentary evidence Floyd desired to present was not relevant and exculpatory to the parole violation allegations.

Floyd does not present any meaningful argument on appeal to contend the district court erred in concluding his first argument was not preserved for appeal or that his second argument showed the documents would have been relevant and exculpatory. Rather, Floyd relies on I.R.C.P. 8 to contend his first argument was presented to the district court because he referenced the underlying fact before the magistrate court.[2] This contention, however, does not present any appropriate argument that the district court erred in concluding Floyd failed to raise the issue and his position on the issue before the magistrate court. *See State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019) (stating "both the issue and the party's position on the issue must be raised before the trial court for it to be properly preserved for appeal"). Implicitly, Floyd's misplaced reliance on I.R.C.P. 8 concedes he did not raise the *legal* issue before the magistrate court. Accordingly, the district court did not err in concluding Floyd failed to preserve his argument that his due process rights were violated when the hearing officer allegedly failed to listen to Floyd's concern that the allegations were repetitive.

Next, Floyd emphasizes the minimum requirements of due process, which required he have an opportunity to present documentary evidence. *See Morrissey*, 408 U.S. at 489. Floyd does not directly address the district court's conclusion, however, that he failed to show how presentation

---

[2]    Floyd wrote in his petition for writ of habeas corpus: "At the very beginning of the hearing, I attempted to direct [the hearing officer], to the fact the allegation seem[s] to be repetative [sic], and unclear. [The hearing officer] told me she could not address the issue and had to stay neutral."

6

of the proposed documentary evidence would have changed the resulting revocation of his parole. *See Waggoner*, 121 Idaho at 760, 828 P.2d at 323 (providing "that a habeas corpus petition must demonstrate not only that some procedure was unconstitutional, but also that the petitioner was adversely affected or prejudiced by the constitutional violation"). Indeed, while Floyd contends presentation of one document would have shown the address he moved to was not impermissibly close to a school, such evidence does not overcome, for example, that he moved to the address without permission from his parole officer. Accordingly, Floyd has failed to show error upon which relief could be granted.

**B.      Police Report**

Next, Floyd asserts due process required disclosure of a Mountain Home police report used against him and that this right was violated when he did not learn of the report until after the parole revocation hearing. *See Morrissey*, 408 U.S. at 489 (providing "minimum requirements of due process" in parole revocation require "disclosure to parolee of evidence against him"). While the district court agreed Floyd was entitled to disclosure of the report, the district court ultimately concluded dismissal of the issue was appropriate because he did not articulate "that his ability to present a defense was hindered by non-disclosure of the police report." Moreover, the district court observed that Floyd admitted the alleged parole violations and that other evidence at the hearing was sufficient to show he moved residences without permission from his parole officer.

On appeal to this Court, Floyd does not present any argument about how nondisclosure of the police report adversely affected or prejudiced him. *See Waggoner*, 121 Idaho at 760, 828 P.2d at 323. Floyd has failed to provide appropriate analysis of this claim and, consequently, has waived the issue. *See* I.A.R. 35(a)(6); *Byrum*, 167 Idaho at 739, 476 P.3d at 406.

**C.      Notice of Absconding**

Floyd also contends he received insufficient notice he allegedly absconded from parole. The district court concluded the magistrate court did not err in dismissing this claim because the report of a parole violation alleged Floyd failed to make himself available for supervision or actively avoided supervision, "which is the same as absconding."

On appeal to this Court, Floyd argues he is entitled to relief because "[a]bsconding is not explicitly alleged, and nowhere in the entire parole violation report does the word abscond appear." Floyd's argument is conclusory. Floyd does not present any authority for this proposition.

Moreover, Floyd does not challenge the district court's, or magistrate court's, conclusion that avoiding supervision is equivalent to absconding supervision. Given Floyd's failure to present any authority for the proposition the word "absconding" was required to appear in his notice, and his failure to address the district court's conclusion that avoiding supervision is the same as absconding supervision, Floyd has waived the issue on appeal.

**D.      Parole Violation Admission**

Floyd argues his admissions to the parole violations were coerced because there is "nothing in the record that shows or indicate[s] that Floyd, knowingly and voluntarily waived any constitutional right." Applying the coercion standard for guilty pleas, the district court concluded Floyd's admissions were not improperly induced by ignorance, fear or fraud, rejecting each possibility in turn.

On appeal to this Court, Floyd has not set forth any cogent argument for his contention that his admissions were coerced and has not argued the district court erred in rejecting the contention below. Rather, Floyd states he alleged in his petition his admissions were coerced and seemingly contends on appeal coercion may be found because his due process rights were violated during the parole violation hearing. In addition to not providing any authority for that contention, Floyd also does not challenge the district court's conclusion that his admissions were not improperly induced by ignorance, fear, or fraud. In short, Floyd has failed to articulate how his admissions to the parole violations were coerced and has waived the issue.

**E.      Motion for Reconsideration**

Floyd filed motions for reconsideration before the magistrate court and the district court which were both denied. He also filed a I.R.C.P. 60(b) motion in the magistrate court which was denied. He states as an issue on appeal, "Did the Court abuse its discretion by denying Floyd's I.R.C.P 59(e) and 60(b) motion." He does not specify which motion for reconsideration he appeals from nor does he offer any cogent argument as to how either the magistrate court or the district court abused discretion in denying the motions. These issues are waived. Thus, there was no abuse of discretion by either the magistrate court or the district court in denying the motions.

8

**IV.**

**CONCLUSION**

The district court did not err in affirming the magistrate court's dismissal of Floyd's petition for writ of habeas corpus or the order denying his motion for reconsideration. Accordingly, the decision of the district court, on intermediate appeal from the magistrate court, affirming the order dismissing his petition for habeas corpus and the order denying his motion for reconsideration are affirmed.

Chief Judge LORELLO and Judge GRATTON, **CONCUR**.