781 P.2d 241

**Dawn HARNEY, formerly known as Dawn Weatherby, Plaintiff–Appellant,**

v.

**Joseph E. WEATHERBY, Defendant–Respondent.**

No. 17805.

Court of Appeals of Idaho.

Oct. 17, 1989.

Clemons, Cosho & Humphrey, Boise, for appellant. Stanley Welsh argued.

Joseph E. Weatherby, Boise, pro se.

WALTERS, Chief Judge.

■ This is an appeal from a decision of the district court upholding an amended judgment entered by a magistrate, awarding attorney fees to the respondent, Joseph Weatherby, in an action to modify the custody provisions of Weatherby's divorce decree. The appellant, Dawn Harney (formerly known as Dawn Weatherby), primarily contends that Weatherby's right to the award was waived when Weatherby failed to timely file a memorandum of costs with the magistrate court. Harney also argues that even if the award was not waived, the award nevertheless was an abuse of the magistrate's discretion.

We agree with Harney's primary contention and hold that the right to the award was waived by failure to timely file a memorandum of costs. Consequently, we need not address Harney's argument concerning the exercise of the magistrate's discretion. Also, since it appears that there have been several successive "judgments" entered in this action—which are unaffected by this appeal—we direct that only the amended judgment entered on October 20, 1987 (and the judgment it amended of October 2, 1987), permitting the recovery of $2145 by Weatherby against Harney for Weatherby's attorney fees, be vacated.

The following background to this case is pertinent. The marriage of Dawn Harney and Joseph Weatherby was dissolved by judgment and decree of divorce entered June 21, 1979. Pursuant to a written agreement between the parties, the judgment granted custody of the parties' two minor children to Dawn with visitation rights in Mr. Weatherby. In April, 1986, Weatherby filed a motion in the magistrate division of the district court to modify the decree by ordering joint legal custody pursuant to a recently enacted statute (I.C. § 32–717B), and by increasing Weatherby's visitation rights as the noncustodial parent. During the interim between the filing of Weatherby's motion and the date set for hearing, Dawn Harney moved with her present husband and both children from Kuna, Idaho, to their new home in Crouch, Idaho. The move required that the children be enrolled in school in the Garden Valley School District, instead of the Kuna School District where they formerly had resided. The move did not violate any previous order or decision of the court.

Weatherby responded by filing a motion on August 22, 1986, requesting that the court restrain Dawn Harney from enrolling the children in the Garden Valley School District and requiring that the children be enrolled in the Kuna School District until after disposition of the motion for modification of the divorce decree. On August 28, 1986, the magistrate court heard argument on Weatherby's motion to restrain the enrollment of the children in the Garden Valley School District. The magistrate ruled from the bench that the children should remain in the Kuna schools to maintain the status quo until the hearings on the modification motion were concluded.

The court's oral ruling was followed by a written order entered September 19, 1986, restraining Dawn Harney from enrolling her children in the Garden Valley School District. The court's order recognized that the motion for modification of the divorce decree was scheduled for hearing on September 23, 1986, to resolve all pending issues.

On September 23 and 24, 1986, the magistrate concluded the hearings on the motion to modify the divorce decree and took up the issue of the children's school enrollment as well. On September 24, at the conclusion of the hearing, the magistrate terminated the temporary order requiring the children to attend the Kuna schools and restraining their attendance in the Garden

Valley School District. The magistrate held that the parties' children, as of that day, could be enrolled in the Garden Valley School District. All other issues relating to the modification motion were taken under advisement. The next day, Weatherby moved for reconsideration of the magistrate's decision to lift the restraining order. On September 26, 1986, the magistrate entered an order denying that motion. On November 18, 1986, the magistrate rendered a memorandum decision determining the custody and visitation issues and awarding joint legal custody of the children to the parties. The magistrate directed counsel for Weatherby to prepare an appropriate order incorporating the magistrate's findings made in the memorandum decision.

However, on January 20, 1987, Weatherby instead filed a motion, "to amend and to supplement" the magistrate's memorandum decision, asserting that greater detail was needed in certain respects with regard to the custody determination and visitation schedules announced by the magistrate in the November 18 decision. Suggested alterations to the schedules were proffered. Weatherby's motion also included a request for an award of attorney fees incurred as a result of Harney's move from Kuna to Crouch while the motion to modify the divorce decree was pending. Harney filed a response to Weatherby's motion, agreeing to some of Weatherby's suggested changes; disputing the need for other changes; and offering suggested changes of her own. Further, Harney asserted there was no basis for an award of fees to Weatherby.

The issues framed by Weatherby's January motion were heard by the magistrate on March 12, 1987. On April 3, 1987, the magistrate entered an order amending the judgment and decree of divorce by delineating specific custody, support and visitation rights and responsibilities for each of the parties. On April 16, 1987, the magistrate filed a written decision dealing with Weatherby's request for attorney fees incurred as a result of Harney's move to Crouch. The magistrate decided that Harney's move had caused an unnecessary expense in the case. The magistrate concluded that Weatherby was entitled to an award of fees under I.C. § 32–704(2). The magistrate's decision further provided that, upon Weatherby's submission of a memorandum of costs relating to the two hearings on the Crouch move, the court would award reasonable attorney's fees and costs to Weatherby.

Fifty-five days later, on July 14, 1987, counsel for Weatherby filed a memorandum of costs in the form of an affidavit setting forth the amount of attorney fees, $2145, incurred with respect to the two hearings referred to in the court's directive of April 16. Harney immediately filed a written objection to the claim for fees and asked that the claim be disallowed under I.R.C.P. 54. A hearing on the objection by Harney was held in September, 1987, and, on October 2, 1987, the magistrate entered a judgment awarding Weatherby $2145 against Harney. On October 20, 1987, an amended judgment was entered identical to the prior one except for a correction in the spelling of the plaintiff's name.

Harney appealed from the amended judgment to the district court on the grounds that (1) the filing of the memorandum of costs and fees was untimely and barred Weatherby from recovering those items under Idaho law, and (2) the magistrate did not adhere to the requirements of Idaho Code Section 32–704(2) when making an award of attorneys fees and costs under that statute. The district court heard arguments on the case and subsequently affirmed the magistrate's amended judgment. This appeal followed.

■ We first note our standard of review. On appeal from an order of the district court reviewing a determination made by a magistrate, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Cole v. Kunzler*, 115 Idaho 552, 768 P.2d 815 (Ct. App.1989). Here, the question of compliance with the rules of civil procedure relating to the recovery of attorney fees or costs is one of law upon which we will

exercise free review. *See, e.g., Camp v. Jiminez,* 107 Idaho 878, 693 P.2d 1080 (Ct. App.1984).

The magistrate in this case decided that an award of fees was appropriate and made the award under I.C. § 32–704(2), by written decision dated April 16, 1987. That decision, together with the order modifying the divorce decree, disposed of all substantive issues pending before the court on the question of modification of the judgment and decree of divorce entered previously in this case in 1979, with the sole exception of determining the amount of reasonable fees and costs to be awarded in the action. The latter determination was dependent, as noted in the magistrate's April 16 decision, upon the subsequent filing by Weatherby of a memorandum of costs. At that point, certain provisions of the Idaho Rules of Civil Procedure came into play.

Rule 54(e)(5) provides that attorney fees, when allowed by statute (as the magistrate decided in this case, applying I.C. § 32–704(2)), shall be deemed as costs in the action, and processed in the same manner as costs and included in the memorandum of costs, supported by an attorney's affidavit stating the basis and method of computation of the fees claimed. Rule 54(d)(5) provides a time frame for the filing of memorandum of costs. In pertinent part, that rule states:

> At any time after the verdict of a jury or a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense, but such memorandum of costs may not be filed later than fourteen (14) days after entry of judgment.... Failure to file such memorandum of costs within the period prescribed by this rule shall be a waiver of the right of costs. A memorandum of

costs prematurely filed shall be considered as timely.

The word "judgment" is defined in another rule, I.R.C.P. 54(a): " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies."

Our analysis of the application of these rules to the instant case necessitates a review of the approach taken by the district court below on the appeal from the magistrate division. The district court resorted to I.R.C.P. 83(a), which sets forth the judgments, orders or decisions rendered by a magistrate from which an appeal may be taken to the district judges' division.[1] The district court determined that the magistrate's decision of April 16, 1987, did not qualify as a "judgment" under Rules 54(a) and 54(d)(5) because (1) that decision was not a final judgment under Rule 83(a)(1) since there remained other issues to be litigated; (2) the decision was not an order, judgment or decree which would be appealable under Rule 83(a)(2) through application of I.A.R. 11 governing determinations that may be appealed from a district court to the Idaho Supreme Court; (3) the decision was not presented under Rule 83(a)(3) as an interlocutory order by permissive appeal accepted by the district court; and (4) the decision was not an order, judgment or decree by a magistrate in a special proceeding in which an appeal is provided by statute, Rule 83(a)(4).

We believe the district court's approach was flawed in two respects. First, we find no basis for the court's determination that the magistrate's decision was not a "final judgment" under Rule 83(a)(1) because other issues remained to be litigated. From our review of the record, we can find no other issues that remained to be litigated with respect to the modification motion— upon which the claim for attorney fees was

---

1. Rule 83(a) provides in relevant part:
   An appeal must first be taken to the district judges division of the district court from any of the following judgments, orders or decisions rendered by a magistrate:
   (1) A final judgment in a civil action or a special proceeding commenced, or assigned to, the magistrate's division of the district court.
   (2) Any of the orders, judgments or decrees in an action in the magistrate's division which

   would be appealable from the district court to the Supreme Court under Rule 11 of the Idaho Appellate Rules.
   (3) Interlocutory orders by permissive appeal accepted by the district court which shall be processed in the same manner as provided by Rule 12 of the Idaho Appellate Rules.
   (4) Any order, judgment or decree by a magistrate in a special proceeding in which an appeal is provided by statute.

predicated—once the magistrate had determined that motion by the order entered on April 3, 1987. The policy of allowing appeals only from "final judgments" is designed to discourage and prevent piecemeal appeals. *See e.g., Pichon v. L.J. Broekemeier, Inc.,* 99 Idaho 598, 586 P.2d 1042 (1978); *Long v. Goodyear Tire & Rubber Co.,* 100 Idaho 183, 595 P.2d 717 (1979) (addressing I.R.C.P. 54(b)). A decision resolving all substantive issues raised before a trial court is nonetheless final even though the amount of a fee award has yet to be determined, where the court has already decided the question of entitlement to that award. *Wefco, Inc. v. Monsanto Co.,* 111 Idaho 55, 720 P.2d 643 (Ct.App. 1986), *reversed on other grounds,* 112 Idaho 555, 733 P.2d 776 (1987). Once the substantive issues have been determined, the entitlement to a fee award is separately appealable without waiting for a decision as to the amount of the award. *Id.* Therefore it was not necessary to wait until another order fixing the amount of the award of fees in favor of Weatherby was entered before an appeal could have been taken from the magistrate's modification of the divorce decree on April 3 and 16, 1987.

More importantly, and the second point upon which we believe the district court erred, is that the magistrate's decision of April 16 was indeed an appealable matter under Rule 83(a)(2), I.R.C.P. As noted, that rule permits an appeal from any order, judgment or decree "in an action in the magistrate's division which would be appealable from the district court to the Supreme Court under Rule 11 of the Idaho Appellate Rules." Rule 11(a), paragraph (7), I.A.R., permits an appeal as a matter of right in a civil action, from "[a]ny order made after final judgment...." In this case, the "final judgment," decreeing disso-

lution of the parties' marriage, was entered in 1979. The proceedings commenced by Weatherby's motion to modify that judgment and decree would not have resulted in the entry of another "judgment." Only an order modifying the existing judgment could be, and was, entered. The magistrate's decision of April 16 to award fees to Weatherby can be considered as nothing but an extension and part of the order of April 3 modifying the existing judgment. As such, the magistrate's decision of April 16, tantamount to an "order," was an order entered after a final judgment, which was appealable to the district court through application of I.A.R. 11 and I.R.C.P. 83(a)(2).[2]

Thus, we conclude that the magistrate's determination to award fees to Weatherby on April 16, 1987, constituted an "order from which an appeal lies," within the definition of a judgment, I.R.C.P. 54(a), and as that term is therefore used in I.R.C.P. 54(d)(5) regulating the filing of memorandum of costs.[3] Weatherby's memorandum of costs was not filed within fourteen days after the magistrate court entered its decision entitling Weatherby to the award; it was filed fifty-five days later. By the express provision of Rule 54(d)(5), the right to recover that award was waived by Weatherby when he did not timely file a memorandum of costs.

The judgment appealed from is vacated. Costs to the appellant; no fees allowed.

SWANSTROM, J., and BENGTSON, J. Pro Tem., concur.

---

**2.** The record shows that no appeal was taken in fact by either party from the order of the magistrate modifying the judgment and decree of divorce, or the related determination that Weatherby was entitled to an award of fees and costs in connection with the modification proceedings. As a result, those rulings became final. Clearly, however, if the time for filing a memorandum of costs had already expired before termination of the time for appeal, an appeal by Harney—to challenge the magistrate's determination that Weatherby was entitled to

an award of fees—would not have been necessary.

**3.** We note that a trial court may, in its discretion, extend the time under Rule 54(d)(5) for filing a memorandum of costs. *Camp v. Jiminez, supra.* However, the record in this case contains no indication that any request was ever made to the magistrate to exercise its discretion by extending the time for filing the costs memorandum. Without the grant of a discretionary extension, the fourteen-day requirement under the rule is self-executing.