826 P.2d 1297

**Elizabeth CANTU, Claimant–Appellant–Cross Respondent,**

v.

**J.R. SIMPLOT COMPANY, Self-insured Employer, Defendant–Respondent–Cross Appellant.**

**No. 19006.**

Supreme Court of Idaho,
Boise, November 1991 Term.

Feb. 21, 1992.

Raymundo G. Pena and Stanley G. Cole (argued), Rupert, for claimant-appellant-cross respondent.

Hawley, Troxell, Ennis & Hawley, Boise, for defendant-respondent-cross appellant, Joseph D. McCollum, Jr. argued.

JOHNSON, Justice.

This is a workers' compensation case. The primary issues presented are whether there is substantial and competent evidence to support the following actions of the Industrial Commission:

1. the award of permanent partial disability of sixty-nine percent of the whole person,
2. the denial of benefits for a psychological condition,
3. the award of total temporary disability benefits, and
4. the denial of attorney fees pursuant to I.C. § 72–804 for the refusal or

delay in paying benefits without reasonable grounds.

We conclude there is substantial and competent evidence to support the award of permanent partial disability, the denial of benefits for a psychological condition, and the award of total temporary disability benefits. We vacate the denial of attorney fees and remand to allow the Commission to determine whether the claimant was entitled to additional medical benefits, other than those related to her psychological condition, and to then reconsider whether to award attorney fees.

We also hold that the Commission did not abuse its discretion in allowing an evaluation and deposition testimony by a psychiatrist following the hearing.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Elizabeth Cantu injured her back in July, 1984, while working for J.R. Simplot Company (Simplot). The injury required surgery, which was performed by an orthopedic surgeon in September, 1985. In April, 1987, the orthopedic surgeon rated Cantu's permanent impairment at fifteen percent of the whole person. In December, 1989, the orthopedic surgeon increased the impairment rating to twenty-nine percent of the whole person.

In February, 1988, Cantu began seeing a psychiatrist, complaining of panic attacks and depression. The psychiatrist treated Cantu and referred her to a psychiatric nurse who was a biofeedback specialist. On January 22, 1990, the psychiatrist assigned a thirty percent impairment rating for Cantu's psychological condition and attributed all of this condition to the 1984 back injury.

Beginning on July 1, 1989, Simplot discontinued making total temporary disability benefit payments to Cantu. In August, 1989, Cantu filed an application for hearing before the Commission, alleging she was entitled to benefits for total temporary disability, permanent impairment, permanent

disability, additional medical and related costs, and attorney fees.

In September, 1989, Cantu filed a motion requesting reinstatement of total temporary disability benefits and requested an emergency hearing. In October, 1989, Simplot agreed to reinstate Cantu's total temporary disability benefits and paid Cantu a lump sum for the benefits due from July 1, 1989, through October 13, 1989.

On January 30, 1990, a referee appointed by the Commission conducted a hearing to determine Cantu's entitlement to additional disability and medical benefits and attorney fees. On the morning the hearing began, Simplot filed a motion requesting the Commission to allow a post-hearing independent psychiatric evaluation of Cantu and a post-examination deposition of the examiner. The referee deferred action on the motion until Cantu's psychiatrist had testified. At the conclusion of the hearing, the referee granted the motion. The psychiatrist who examined Cantu for Simplot after the hearing stated that Cantu's depression and other psychological problems were not related to the 1984 back injury.

During the hearing, a question arose whether Simplot had paid all of Cantu's medical expenses that resulted from the 1984 back injury. The referee allowed Cantu to submit a summary of these expenses. The referee stated that if there were outstanding medical bills that were related to the 1984 accident, and if Cantu and Simplot could not work out which ones Simplot should pay, the Commission could pick out those that Simplot should pay. Cantu submitted a summary that detailed more than $33,000.00 in outstanding medical bills.

In October, 1990, the Commission issued its findings of fact, conclusions of law, and order. The order: (1) awarded total temporary disability benefits for Cantu's back injury from the date of the accident through the date the orthopedic surgeon revised the permanent impairment rating to twenty-nine percent, (2) awarded permanent physical impairment benefits for twenty-nine percent of the whole person as a result of the back injury, (3) denied any

benefits for a psychological condition, (4) awarded permanent disability benefits for sixty-nine percent of the whole person, and (5) denied attorney fees. The order did not address any additional medical expenses, except those related to a psychological condition.

Cantu appealed, and Simplot cross-appealed.

## II.

### THE COMMISSION DID NOT ABUSE ITS DISCRETION IN ALLOWING A POST–HEARING PSYCHIATRIC EVALUATION AND DEPOSITION.

■ Cantu asserts that the Commission should not have allowed Simplot to have Cantu evaluated by a psychiatrist after the hearing and should not have considered the deposition of the psychiatrist. We conclude that the Commission did not abuse its discretion in allowing the evaluation and in considering the deposition.

Rule VIII(c) of the Commission's judicial rules of practice and procedure, as it existed at the time of the hearing provided:

Following a hearing, unless the parties agree to a shorter time frame, the record shall remain open for the submission of evidence by deposition for the following periods: all depositions to be submitted on behalf of a claimant shall be taken within 28 days following the date of hearing; all depositions to be submitted on behalf of the defendant shall be taken no later than 49 days following the conclusion of the hearing; rebuttal evidence may be submitted by any party upon motion accompanied by a showing of the necessity for the presentation of such evidence. The Commission shall have the power to alter the time limits within which to take post-hearing depositions upon motion showing good cause for such modification. Unless the Commission, for good cause shown, shall otherwise order, at or before the hearing, the evidence presented by post-hearing deposition shall be evidence known by or available to the party at the time of the hearing and shall not include evidence

developed, discovered, or manufactured following the hearing.

This rule was adopted pursuant to I.C. § 72–508, which provides: "the commission shall have authority to promulgate and adopt reasonable rules and regulations involving judicial matters."

■ In *Delich v. Lafferty Shingle Mill Co.*, 49 Idaho 552, 290 P. 204 (1930), the Court considered the application of a claimant requesting the Industrial Accident Board (the predecessor in name of the Commission) to allow additional testimony after the conclusion of a hearing before the Board. In upholding the Board's denial of the application, the Court said:

Having the power to grant or deny the application for review upon the exercise of its judgment as to the sufficiency of the showing therefor, the Industrial Accident Board must be held to have abused its discretion before this court would be warranted in setting aside the ruling.

*Id.* at 556, 290 P. at 205. We conclude that the same abuse of discretion standard should apply to the Commission's decision to allow the post-hearing evaluation and deposition testimony of the psychiatrist, pursuant to the Commission's rule VIII(c).

The preface to the Commission's findings, conclusions, and order included the following statement:

The Referee granted Defendant's motion to have Claimant examined by a psychiatrist and have that psychiatrist deposed post-hearing, because Claimant failed to reveal that she had been given a psychological impairment rating of 30% by her treating psychiatrist until approximately five days prior to the hearing.

In granting Simplot's motion, the referee stated:

Under Rule VIII(c) the Commission has the discretion for good cause shown to allow post-hearing examination. I feel that in light of the type of problem we are dealing with, namely a mental impairment, that the Commission does not have a lot—we don't have a lot of cases dealing with it. I would feel more comfortable dealing with more evidence on the

issue in spite of [Cantu's psychiatrist's] and [the psychiatric nurse's] testimony. So, I am going to allow post-hearing examination. However, I don't want a report, I want the Defendant to take the deposition of whoever the psychiatrist is going to be and allow the Claimant the opportunity for cross-examination.

In approving and confirming the referee's findings, conclusions, and order, and in adopting them as the decision and order of the Commission, the Commission stated that it had reviewed the record as well as the findings, conclusions, and order. Thus, the granting of Simplot's motion is deemed to be a decision of the Commission pursuant to I.C. § 72–506(2) ("Every finding, order, decision or award made by any member, hearing officer, referee, or examiner pursuant to such investigation, inquiry or hearing, when approved and confirmed by the commission, and ordered filed in its office, shall be deemed to be the finding, order, decision or award of the commission."); *Cf. Peterson v. Farmore Pump & Irrigation,* 119 Idaho 969, 971, 812 P.2d 276, 278 (1991) ("The denial of the motion was not referred to in the referee's findings of fact, conclusions of law, and order that was approved, confirmed, and adopted by the Commission.").

Applying our usual three-step analysis for determining whether there was an abuse of discretion, we conclude that the Commission did not abuse its discretion in allowing the post-hearing evaluation and deposition testimony. *See Sun Valley Shopping Ctr. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). The Commission: (1) correctly perceived the issue as one of discretion, (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and (3) reached its decision by an exercise of reason. To the extent that the Commission's rule required a showing of good cause to allow the post-hearing evaluation and deposition, the Commission stated good cause in finding that Cantu had failed to reveal her psychological impairment rating until approximately five days prior to the hearing.

## III.

THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE COMMISSION'S AWARD OF PERMANENT PARTIAL DISABILITY, THE AWARD OF TOTAL TEMPORARY DISABILITY BENEFITS, AND DENIAL OF BENEFITS FOR A PSYCHOLOGICAL CONDITION.

Cantu asserts that the Commission should have found her to be totally and permanently disabled and should have awarded her benefits for a psychological condition. Simplot asserts that the Commission should not have awarded Cantu total temporary disability benefits from the date of the original fifteen percent permanent impairment rating in April, 1987, and the new twenty-nine percent rating in December, 1989. After reviewing the record and the Commission's decision, we conclude that there is substantial and competent evidence in the record to support the Commission's findings of fact on these issues, and therefore uphold the Commission's decision on these issues. *See* I.C. § 72–732; Idaho Const. art. 5, § 9.

## IV.

DENIAL OF ATTORNEY FEES VACATED; REMAND TO DETERMINE MEDICAL BENEFITS AND FOR RECONSIDERATION OF ATTORNEY FEES.

Cantu asserts that the Commission failed to address her claim for additional medical and related expenses and abused its discretion in denying her attorney fees pursuant to I.C. § 72–804. We agree that the Commission failed to address the claim for additional medical benefits, other than those related to a psychological condition. Because an award of additional medical benefits may affect the Commission's determination of Cantu's right to attorney fees under I.C. § 72–804, we vacate the denial and remand to the Commission.

At the conclusion of the hearing, the referee ruled that Cantu could submit a

summary of unpaid medical bills that Cantu incurred as a result of her 1984 back injury. Cantu submitted a summary of the unpaid medical and related expenses. In its decision, the Commission did not address the subject of additional medical benefits, except to deny any benefits for a psychological condition. In its conclusions of law, the Commission stated:

> Idaho Code § 72–804 provides for an award of attorneys fees when defendants have refused or delayed payment of compensation without reasonable grounds. The [Commission] concludes that Defendant had reasonable grounds to dispute Claimant's entitlement to benefits. There is conflicting medical testimony throughout this case. Additionally and most importantly, Claimant was treated by numerous physicians without referral from her treating physician and without any sort of notice to or request for payment from Defendant. In many of these instances, the medical provider never even billed Defendant. Therefore, the [Commission] concludes that Claimant is not entitled to an award of attorney's fees.

It may be that the Commission intended this conclusion to include a ruling on the additional medical benefits, other than those related to a psychological condition. We are unable, however, to read the conclusion as ruling on Cantu's claims based on the summary of unpaid medical and related expenses submitted after the hearing. Therefore, we remand this issue to the Commission for a determination of this issue.

## V.

### CONCLUSION.

We affirm the Commission's decision, except we vacate the denial of attorney fees and remand to the Commission for a determination of additional medical benefits and reconsideration of whether to award attorney fees.

Because of the mixed result on appeal, we award no costs.

BAKES, C.J., and BISTLINE, BOYLE and McDEVITT, JJ., concur.