40 P.3d 125

Jesus MEDRANO, Claimant–Respondent,

v.

Steve NEIBAUR, Non–Insured Employer, Defendant–Appellant.

No. 27449.

Supreme Court of Idaho, Boise, November 2001 Term.

Jan. 18, 2002.

Jensen & Burr-Jones, Burley, for appellant.

Peña Law Offices, Rupert, for respondent.

KIDWELL, Justice.

Steve Neibaur appeals the Industrial Commission's award of attorney fees to Jesus Medrano. He argues that the Industrial Commission abused its discretion by awarding the fees almost six months after the deadline for submitting a memorandum of costs and supporting affidavit had passed.

## I.

## FACTS AND PROCEDURAL BACKGROUND

On July 21, 2000, the Industrial Commission (Commission) entered an order awarding Jesus Medrano (Medrano) total temporary disability benefits, payment of medical expenses, and payment of prescription medication as the result of a farming accident. Medrano had injured his left little finger while changing a tractor tire while employed at Steve Neibaur's (Neibaur) farm. Pursuant to Idaho Code § 72-804,[1] the Commission determined that Medrano was entitled to attorney fees. The order stated that Medrano's counsel, David Peña, had to submit a memorandum of costs and attorney fees with an affidavit in support thereof within ten days from the order dated July 21, 2000.

On January 17, 2001, Peña, on behalf of Medrano, submitted a motion for costs and attorney fees pursuant to Industrial Commission order, with an affidavit of support. He requested $1210.00 in attorney fees. On February 12, 2001, Neibaur moved to dismiss the motion as untimely and improper for being incomplete, conclusory, and lacking in detail. On that same day, without knowledge of Neibaur's motion, the referee ordered Peña to submit a more specific affidavit as well as a copy of his attorney fees agreement no later than ten days from February 12, 2001. On February 22, 2001, at 5:18 p.m., the fee agreement was faxed to the Commission with a notation from "Sandy" stating an affidavit would be forwarded on February 26, 2001, because Peña was unavailable until then. No affidavit was ever filed.

In her findings, the referee found that based on the fee agreement, the amount of time Peña spent on the case, and the amount awarded to Medrano, attorney fees in the amount of $250.00 were reasonable. The Commission entered an order on March 14, 2001, awarding Medrano $250.00 in attorney fees under I.C. § 72-210.

On April 25, 2001, Neibaur filed a timely notice of appeal, arguing that the Commission had abused its discretion in awarding attorney fees more than six months after the established deadline for filing a memorandum of costs and attorney fees had passed. He also argued that the memorandum for costs and attorney fees lacked the necessary specificity.

## II.

## STANDARD OF REVIEW

■ When reviewing Industrial Commission decisions, this Court exercises free review of the Commission's legal conclusions, but will not disturb findings of fact if they are supported by substantial and competent evidence. *Jensen v. City of Pocatello*, 135 Idaho 406, 409, 18 P.3d 211, 214 (2000).

## III.

## ANALYSIS

■ The appellant argues that the Commission erred by allowing Medrano, through Peña, to file a motion for costs and attorney fees past the deadline stated by the Commission in its order dated July 21, 2000. The

---

1. The Findings of Fact, Conclusions of Law and Recommendation Regarding Attorney Fees clarified that attorney fees in this case were actually awarded under I.C. § 72-210 because Neibaur was an uninsured employer. As such, penalty for attorney fees and costs was imposed under I.C. § 72-210, not I.C. § 72-804 as stated in the original order.

order stated that Medrano had ten days in which to submit his motion for costs and attorney fees and supporting affidavit. Medrano's incomplete information was submitted five days shy of six months past the deadline. Neibaur cites *Harney v. Weatherby*, 116 Idaho 904, 781 P.2d 241 (Ct.App. 1989), to support his position. In *Harney*, the Court of Appeals held that a prevailing party had waived the right to recover attorney fees awarded because he submitted his memorandum of costs and attorney fees fifty-five days after the court's deadline. Neibaur argues that he should be able to rely on the validity of the Commission's order. He asserts that by disregarding its own deadline, the Commission abused its discretion.

The Commission's order of July 21, 2000, required that a memorandum of costs and attorney fees be submitted within ten days of that order. Medrano submitted nothing until January 17, 2001. The motion submitted was so lacking in specificity that the referee required that additional information be submitted within ten days. After the close of business, on the last day of the ten-day period, only part of the information requested was submitted. Procedurally, Neibaur's objection to the motion for costs and attorney fees was never ruled upon. Instead, the referee, on incomplete information, determined that an award of $250.00 in attorney fees was reasonable. The Commission then ordered the award of attorney fees based upon the referee's recommendation.

■ A three-part test is used when reviewing whether a court abused its discretion. This Court determines "(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason." *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991) (quoting *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989)). This Court applies this three-part test to decisions of the Industrial Commission.

*Cantu v. J.R. Simplot Co.*, 121 Idaho 585, 588, 826 P.2d 1297, 1300 (1992).

This Court has not addressed an abuse of discretion by the Commission in reference to attorney fees awarded under I.C. § 72–210. *Harney*, cited by Neibaur, is on point regarding the denial of attorney fees for the untimely submission of the memorandum on costs and attorney fees, although *Harney* addresses attorney fees awarded under I.C. § 32–704(2). However, the underlying issues are the same—a prevailing party was awarded attorney fees, but waited until the deadline had long passed before submitting a memorandum of costs and attorney fees.

The facts of this case reveal an abuse of discretion by the Commission. It established a ten-day deadline in its July 21, 2000 order. Medrano missed that deadline by six months with no explanation for the delay. Even after being given an extended deadline, he did not submit all of the requested information. The information submitted lacked the detail needed to make an accurate determination. For six months, Neibaur believed this case was resolved because the deadline in the Commission's order had expired. Yet, notwithstanding all of the above facts, the Commission adopted the referee's recommendation to award attorney fees.

Using the three-part test discussed above, the Commission abused its discretion in awarding attorney fees. The decision to disregard its own deadline by allowing the untimely submission of the memorandum was unfair to the parties and exceeded the boundaries of its discretion. The referee requested documentation from Medrano, did not receive it, and yet made an award of attorney fees. Ten days within which to submit a memorandum of costs and attorney fees on a simple matter such as this was reasonable. Reliance on the Commission's deadline by Neibaur was reasonable. Although unfortunate that Medrano will not receive attorney fees, it would be equally unfair to Neibaur to allow Medrano multiple attempts to obtain those fees. This Court holds that the Commission abused its discretion by awarding attorney fees to a claimant who had waived his right to recover attorney fees awarded because he

submitted his memorandum of costs and attorney fees months after the deadline.

## IV.

## CONCLUSION

The Industrial Commission established a ten-day deadline in which Medrano was to submit a memorandum of costs and attorney fees. Medrano missed that deadline by six months. The Commission abused its discretion by disregarding its own deadline, upon which Neibaur relied. The order awarding attorney fees to Medrano is reversed.

Chief Justice TROUT, Justices SCHROEDER and WALTERS concur.

Justice EISMANN, Dissenting.

Because the majority applies a different standard to the Industrial Commission's exercise of its discretion than we have to district courts exercising their discretion in similar circumstances, I respectfully dissent.

This Court has adopted the Idaho Rules of Civil Procedure, which are intended to govern the procedure and apply uniformly in the courts throughout the state of Idaho. Rule 54(d)(5) provides that a party who claims costs may file and serve a memorandum of costs within fourteen days after entry of judgment and that the failure to do so timely constitutes a waiver of the costs. Rule 54(d)(6) provides that any party may object to the costs claimed by another party by filing and serving a motion to disallow costs within fourteen days of the service of the opposing party's memorandum of costs and that the failure to timely object constitutes a waiver of all objections to the costs claimed. In *Wheeler v. McIntyre*, 100 Idaho 286, 596 P.2d 798 (1979), this Court upheld a district court's consideration of an untimely motion to disallow costs, stating that the time period for objecting to costs claimed may be enlarged at the discretion of the trial court. Likewise, in *Ada County Highway District v. Acarrequi*, 105 Idaho 873, 673 P.2d 1067 (1983), this Court upheld a district court's allowance of an untimely request for attorney fees by the filing of an amended memoran-

dum of costs. Citing *Wheeler v. McIntyre*, this Court stated that the time periods allowed under Rule 54 may be enlarged at the discretion of the trial court and that there was no harm or prejudice shown to the other party. We held that there was no abuse of discretion and no error. In *Crowley v. Lafayette Life Insurance Company*, 106 Idaho 818, 683 P.2d 854 (1984), this Court cited *Wheeler v. McIntyre* when upholding a prematurely-filed memorandum of costs. When doing so, this Court stated, "The Rules of Civil Procedure were adopted to renounce the strict rules of Code pleading which existed at common law." 106 Idaho at 823, 683 P.2d at 859.

Although the Industrial Commission has adopted Judicial Rules of Practice and Procedure Under the Idaho Workers' Compensation Law to govern cases arising within its jurisdiction under the Idaho Workers' Compensation Law, those rules, unlike our rules of civil procedure, do not provide any time limit within which a prevailing party must submit a request for costs and attorney fees. Therefore, any such time limit is imposed on a case-by-case basis within the discretion of the Commission. If the Commission had the discretion to initially direct that the memorandum of costs and attorney fees and a supporting affidavit be submitted within ten days, it also had the discretion to extend that time.

In this case, the employer Steve Neibaur has not argued or even alleged that he was prejudiced by the failure of the claimant's attorney to file the memorandum of costs in a timely manner. Indeed, it would be difficult to imagine how the employer could be prejudiced. Absent any prejudice to the employer, I would hold that the Industrial Commission had the discretion to extend the time limit it imposed and that its doing so, even without good cause shown by the claimant's attorney, was not an abuse of discretion. We did not require a showing of good cause in *Wheeler v. McIntyre* or in *Ada County Highway District v. Acarrequi*, and in both of those cases there was a court rule of general application setting forth the applicable time limits. Because there is no comparable rule setting the time limit for filing and serving a

memorandum of costs in cases before the Industrial Commission, it should have at least as much, not less, discretion than our district courts when faced with an untimely request for or objection to costs and attorney fees. The Commission has the discretion to fix the amount of a reasonable attorney fee, *Swett v. St. Alphonsus Reg'l Med. Ctr.*, 136 Idaho 74, 29 P.3d 385 (2001), and the $250 award in this case is clearly not an abuse of its discretion.