115 P.3d 746

**Carl BRADLEY, Claimant–Appellant,**

v.

**WASHINGTON GROUP INTERNATIONAL, fka Morrison Knudsen Corporation, Employer, and Travelers Indemnity Company of Illinois, Surety, Defendants–Respondents.**

No. 31268.

Supreme Court of Idaho, Boise, May 2005 Term.

June 17, 2005.

McBride & Roberts, attorneys for appellant. Michael R. McBride argued.

Bowen & Bailey, LLP, attorneys for respondent. Eric S. Bailey, Boise, argued.

SCHROEDER, Chief Justice.

Carl Bradley (Bradley) claims that he is entitled to an award of attorney fees from Defendants–Respondents Washington Group International, fka Morrison Knudsen Corporation, Employer, and Travelers Indemnity Company of Illinois, ·Surety (collectively, Washington Group).   The Industrial Com-

mission ordered an award of fees but then denied a fee award. Bradley appealed.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Bradley was employed as a truck driver for Washington Group. In February of 2001, while at work, he slipped and fell on ice striking both his elbows and injuring his shoulders. He was diagnosed with left shoulder impingement and was treated by Dr. Gail Fields, who provided left shoulder acromialplasty with resection of the clavicle and subacromial decompression in May of 2001. Bradley went to Dr. Fields for follow up visits.

In May of 2002 Bradley filed a Workers' Compensation Complaint with the Industrial Commission (Commission) seeking benefits from Washington Group to compensate him for the injuries to both his left and right shoulders. The Commission determined that Bradley was not entitled to benefits for the injury to his right shoulder, but was entitled to benefits for his left shoulder. The Commission found that Washington Group unreasonably denied benefits for the left shoulder injury after November of 2001 and that Bradley was entitled to an award of attorney fees relating to the left shoulder claim. The Commission's order requested that Bradley submit an attorney fee memorandum within twenty days of August 29, 2003. Bradley requested an extension of time to file the memorandum, and the Commission granted an extension to October 3. On September 29, Bradley submitted his attorney fee memorandum to the Commission. The memorandum was submitted prior to Bradley's November 7, 2003 left shoulder surgery that had been determined to be compensable by the Commission.

On July 29, 2004 the Commission denied Bradley his attorney fees, stating that Bradley failed to provide sufficient information relating to the extent of medical benefits incurred after Washington Group's denial of further benefits in November of 2001. Bradley filed a motion for reconsideration and submitted another affidavit itemizing ex-

penses incurred after November of 2001. On September 10, 2004, the Commission denied reconsideration, referring again to a failure to submit sufficient information to the Commission upon which it could base an award of attorney fees. Bradley appealed.

## II.

### STANDARD OF REVIEW

The Industrial Commission's determination that a claimant is entitled to attorney fees under I.C. § 72-804 is factual in nature and will be upheld where it is based upon substantial and competent evidence in the record. *Hoskins v. Circle A Constr., Inc.,* 138 Idaho 336, 341, 63 P.3d 462, 467 (2003). The Commission has discretion under I.C. § 72-804 to determine the amount of attorney fees to be awarded. *Swett v. St. Alphonsus Reg'l Med. Ctr.,* 136 Idaho 74, 78, 29 P.3d 385, 389 (2001). The Commission held that Washington Group unreasonably denied Bradley compensation for his left shoulder injury and stated that he was entitled to his attorney fees related to that injury, but then denied him attorney fees on the grounds that he did not provide the Commission with sufficient information to support an award. This Court reviews the Commission's denial of Bradley's attorney fees for an abuse of discretion.

## III.

### THE COMMISSION ABUSED ITS DISCRETION BY REFUSING TO AWARD BRADLEY REASONABLE ATTORNEY FEES

Washington Group does not challenge the Commission's factual finding that it unreasonably withheld compensation to Bradley for his left shoulder injury after November of 2001. Thus, the issue on appeal is whether the Commission, after determining that Bradley was entitled to his attorney fees because of Washington Group's unreasonable withholding of compensation, could then refuse to award Bradley attorney fees because of what it perceived to be insufficient documentation filed by Bradley to support an attorney fee award. For the reasons set

forth below, the Commission abused its discretion when it refused to award Bradley attorney fees.

■ As set forth in *Medrano v. Neibaur,* 136 Idaho 767, 40 P.3d 125 (2002), this Court employs a three-part test to determine whether a lower tribunal has abused its discretion. The test is:

(1) Whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Medrano,* 136 Idaho at 769, 40 P.3d at 127 (citations omitted).

The Commission recognized that its decision as to the amount of attorney fees to be awarded to Bradley was discretionary. However, the Commission did not act "within the outer boundaries of its discretion," nor did it act "consistently with the legal standards applicable to the specific choices available to it" in denying any award.

■ Idaho Code § 72–804 states that:

If the commission or any court before whom any proceedings are brought under this law determines that the employer or his surety contested a claim for compensation made by an injured employee ... without reasonable ground, or that an employer or his surety neglected or refused within a reasonable time after receipt of a written claim for compensation to pay to the injured employee or his dependents the compensation provided by law, or without reasonable grounds discontinued payment of compensation as provided by law justly due and owing to the employee or his dependents, the employer *shall* pay reasonable attorney fees *in addition* to the compensation provided by this law. In all such cases the fees of attorneys employed by injured employees or their dependents shall be fixed by the commission.

(Emphasis added).

The plain meaning of this statute is that the Commission "shall" award attorney fees to the employee when the Commission makes the determination that the employer's denial of compensation was unreasonable. Though the amount of the award is subject to the discretion of the Commission, refusing to award any attorney fees where the employer unreasonably denied compensation to the employee is a decision that is beyond the "outer boundaries" of the Commission's discretion. Idaho Code § 72–804 requires a reasonable attorney fee be awarded to the employee where the employer's actions were found to be unreasonable. The Commission's refusal to award attorney fees to Bradley in this case is an abuse of discretion.

■ Not only was the Commission's decision in this case contrary to the plain language of I.C. § 72–804, it also runs afoul of case law on the subject. In *Hogaboom v. Economy Mattress,* 107 Idaho 13, 684 P.2d 990 (1984), the Court listed the factors the Commission is to consider in awarding attorney fees on a contingency basis under I.C. § 72–804. The factors include:

(1) the anticipated time and labor required to perform the legal services properly; (2) the novelty and difficulty of the legal issues involved in the matter; (3) the fees customarily charged for similar legal services; (4) the possible total recovery if successful; (5) the time limitations imposed by the client or circumstances of the case; (6) the nature and length of the attorney-client relationship; (7) the experience, skill and reputation of the attorney; (8) the ability of the client to pay for the legal services to be rendered; and (9) the risk of no recovery.

*Hogaboom,* 107 Idaho at 15, 684 P.2d at 992 (quoting *Clark v. Sage,* 102 Idaho 261, 265–66, 629 P.2d 657 (1981)).

In *Swett v. St. Alphonsus Reg'l Med. Ctr.,* 136 Idaho 74, 29 P.3d 385 (2001), this Court considered whether the Commission could make an attorney fee award under I.C. § 72–804 based on a percentage of the benefits awarded to the employee. This Court held that the Commission could base an attorney fee award on a percentage of benefits awarded so long as the factors articulated in *Hogaboom* were also considered. There, because the Commission stated that it had considered the *Hogaboom* factors, basing the amount of

attorney fees on a percentage of benefits awarded to the employee was proper. *Swett,* 136 Idaho at 78, 29 P.3d at 389.

In this case, the Commission's August 2003 order awarding Bradley benefits for his left shoulder injury stated that he was entitled to his attorney fees related to that injury. Specifically, the Order stated that:

> Claimant is entitled to attorney fees for Surety's unreasonable denial/discontinuance of medical benefits related to his left shoulder. Unless the parties can agree on an amount for reasonable attorney fees, Claimant's counsel shall, within 20 days of the entry of the Commission's decision, file with the Commission a memorandum of attorney fees incurred in counsel's representation of Claimant in connection with these benefits, and an affidavit in support thereof. The memorandum shall be submitted for the purpose of assisting the Commission in discharging its responsibility to determine reasonable attorney fees in this matter.

Bradley's attorney, McBride, requested an extension of time and then fully complied with this directive.

McBride filed an attorney fee memorandum discussing his experience in workers' compensation cases, his usual hourly rate, the hourly rate for an attorney with like experience, the amount of time spent on the case, and an attestation that he spent two-thirds of his time on Bradley's left shoulder claim. All the Commission requested in its initial Order was that "Claimant's counsel shall ... file with the Commission a memorandum of attorney fees incurred in counsel's representation of Claimant in connection with [the left shoulder benefits], and an affidavit in support thereof." The memorandum filed by McBride complied with this directive and also provided the Commission with sufficient information to engage in an analysis of the *Hogaboom* factors.

As the Court noted in *Swett,* the Commission need not specifically address or refer to every factor listed in *Hogaboom,* but it is required to at least consider the factors. *Swett,* 136 Idaho at 78, 29 P.3d at 389. The Commission's order did not refer to the *Hogaboom* case by name, nor does it appear

that the factors of that case influenced the Commission's decision. The Commission stated that:

> Claimant has failed to provide information on the extent of medical benefits awarded by the Commission after Defendants' denial. The Commission will not speculate on specific medical treatment or expenses after November 14, 2001. The statement by his attorney that he expended "two-thirds or more" of his time on the left shoulder is not sufficient. Without specific information, the Commission is unable to determine a basis for the award of fees. Consequently, no fees are awarded claimant.

The Commission had not required McBride "to provide information on the extent of medical benefits awarded by the Commission after Defendants' denial" in its August 2003 order. All it required was a memorandum and affidavit from Bradley's attorney discussing the amount of fees incurred that were related to the left shoulder claim. After the Commission issued the order stating the reasons for its denial of fees, McBride filed a motion to reconsider, along with information about the fee agreement and medical expenses incurred by Bradley for his left shoulder. The Commission, again without citation to *Hogaboom* or any of the factors in that case, denied the motion for reconsideration.

The plain language of I.C. § 72–804 *requires* that an employee be awarded reasonable attorney fees when the Commission determines that the employer's denial or discontinuance of benefits was unreasonable. In addition, *Swett* held that the Commission must at least consider the *Hogaboom* factors when determining a reasonable attorney fee award under I.C. § 72–804. Here, the Commission abused its discretion by ignoring the directive in I.C. § 72–804. The Commission also abused its discretion by failing to consider the *Hogaboom* factors in both its Order Regarding Attorney Fees and in the Order Denying Reconsideration of Attorney Fees. From the record before this Court, the amount requested by Bradley appears reasonable. Nothing in the record disputes the reasonableness of the claim.

## IV.

### CONCLUSION

The Commission's decision denying an award of attorney fees is reversed. This case is remanded to the Commission with the instructions that it award Bradley a reasonable attorney fee after consideration of McBride's original attorney fee memorandum and the documentation supporting the motion to reconsider the order regarding attorney fees. Bradley is awarded costs.

Justices TROUT, EISMANN, BURDICK and JONES concur.