# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35873

BECO CONSTRUCTION COMPANY, INC, )
an Idaho corporation, )
                               )       **Boise, May 2010 Term**

    Plaintiff-Appellant, )

                               )       **2010 Opinion No. 54**

v. )

                               )       **Filed: May 28, 2010**

J-U-B ENGINEERS INC., and DOES 1-15, )
whose true names are unknown, )       **Stephen Kenyon, Clerk**
                               )

    Defendants-Respondents. )

                               )

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge.

The decision of the district court is <u>vacated</u> and the case is <u>remanded</u> for further proceedings.

Bryan D. Smith, Esq., Idaho Falls, for appellant.

C. Tom Arkoosh, Esq., Boise, for respondent. Daniel Alan Nevala argued.

_____

HORTON, Justice

This case arises out of a district court's decision, upon remand from this Court, awarding attorney fees to J-U-B Engineers, Inc. (J-U-B) and ordering that the Bannock County Auditor remit $41,140 to J-U-B from the $102,541.86 cash bond previously deposited with the auditor by BECO Construction Company, Inc. (BECO). We vacate those orders and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2005, BECO filed suit against J-U-B for breach of contract, negligence, and tortious interference with BECO's construction contract with the City of Pocatello. J-U-B filed motions for summary judgment on all three claims, and on August 15, 2005, BECO dismissed its breach of contract claim. The district court granted summary judgment in favor of J-U-B on the negligence and intentional interference with contract claims and awarded J-U-B attorney fees

pursuant to I.C. § 12-120(3). BECO appealed the district court's grant of summary judgment on the intentional interference with contract claim and its award of attorney fees. At that time, BECO also moved the district court to stay execution upon the judgment awarding attorney fees to J-U-B pending the outcome of the appeal and deposited a cash bond in the amount of $102,541.86 with the clerk of the court.

In *BECO Const. Co., Inc. v. J-U-B Engineers, Inc.*, this Court affirmed the district court's grant of summary judgment on the intentional interference with contract claim, albeit upon different grounds. 145 Idaho 719, 724-25, 184 P.3d 844, 849-50 (2008). We further held that

> I.C. § 12-120(3) does not provide the basis for a fee award to J-U-B after the point where the [breach of contract] claim was dismissed. Up to that point, J-U-B is entitled to its fees for defending against the contract claim. After that point, J-U-B is not entitled to its fees because there is no commercial transaction between the parties. . . . . We therefore vacate the fee award and remand this case for determination and award of the amount of fees J-U-B incurred defending BECO's contract claim.

*Id.* at 726, 184 P.3d at 851.

Upon remand, BECO moved to have its cash bond released. The district court denied the motion. The court further ordered the parties to brief the attorney fees issue, and stated that it would determine the amount of fees due to J-U-B for defending against BECO's contract claim and award attorney fees to J-U-B for its time expended in preparing this latest brief. BECO thereafter filed a brief opposing an award of attorney fees, and J-U-B filed a memorandum in support of attorney fees, as well as a memorandum of fees that included an itemization of the hours billed by J-U-B's counsel in preparing the memorandum in support of attorney fees. Around this time, BECO unsuccessfully sought a writ of mandate from this Court for the release of the appeal bond.

The district court awarded J-U-B $35,600 in attorney fees incurred in defending against BECO's contract claim. The district court further found that "[d]ue to the objections raised by counsel for BECO and their Petition for a Writ of Mandate," it was necessary for J-U-B to incur additional attorney fees in seeking an award of attorney fees on the contract claim. The district court then awarded J-U-B $5,540 in attorney fees incurred in the effort to obtain the award of attorney fees on the contract claim, for a total award of $41,140. The court ordered the county auditor to pay the award to J-U-B from BECO's appeal bond and to remit the balance of the bond, with interest, to BECO. BECO appeals.

## II. STANDARD OF REVIEW

A trial court's findings of fact will not be set aside unless clearly erroneous. *Bolger v. Lance*, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002). However, this Court exercises free review over questions of law. *Id.*

> "The calculation of reasonable attorney fees is within the discretion of the trial court." *Bott v. Idaho State Bldg. [Auth.]*, 128 Idaho 580, 592, 917 P.2d 737, 749 (1996). "The burden is on the party opposing the award to demonstrate that the district court abused its discretion." [*E.] Idaho [Agric.] Credit Ass'n v. Neibaur*, 133 Idaho 402, 412, 987 P.2d 314, 324 (1999). To determine whether the trial court abused its discretion, we determine: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Id.*

*Lettunich v. Lettunich*, 145 Idaho 746, 749-50, 185 P.3d 258, 261-62 (2008).

## III. ANALYSIS

On appeal, BECO asserts that the district court erred in awarding attorney fees to J-U-B and ordering that the award of attorney fees be paid from BECO's cash bond. J-U-B asks for attorney fees incurred in defending this appeal.

Because we find that the district court erred in its determination that J-U-B was entitled to an award of $35,600 for attorney fees incurred in defense of BECO's contract claim, we vacate that order and the award of attorney fees incurred in securing that order. We decline to award attorney fees on appeal.

**A. The district court erred in awarding J-U-B $35,600 in attorney fees on the contract claim; thus the decision ordering the auditor to pay J-U-B $41,140 from BECO's cash bond must be vacated and the case remanded.**

BECO argues that the district court abused its discretion in awarding J-U-B fees in an amount greater than the total amount of fees accrued defending against all three of BECO's claims through August 15, 2005, the date upon which BECO withdrew its breach of contract claim. We agree. In our previous decision, we unambiguously held that J-U-B was not entitled to recover attorney fees incurred after the contract claim was dismissed. 145 Idaho at 726, 184 P.3d at 851. J-U-B incurred a total of $33,661.92 in attorney fees defending the action through the date of the dismissal of the contract claim. Nevertheless, the district court awarded J-U-B $35,600 – a sum greater than the total amount of attorney fees incurred – to J-U-B for the defense of that single claim.

"When awarding attorney's fees, a district court must consider the applicable factors set forth in I.R.C.P. 54(e)(3) and may consider any other factor that the court deems appropriate." *Hines v. Hines*, 129 Idaho 847, 855, 934 P.2d 20, 28 (1997). "Rule 54(e)(3) does not require the district court to make specific findings in the record, only to consider the stated factors in determining the amount of the fees. When considering the factors, courts need not demonstrate how they employed any of those factors in reaching an award amount." *Smith v. Mitton*, 140 Idaho 893, 902, 104 P.3d 367, 376 (2004).

*Lettunich*, 145 Idaho at 749-50, 185 P.3d at 261-62. "The bottom line in an award of attorney fees is reasonableness." *Id.* at 750, 185 P.3d at 262.

"What is a reasonable attorneys' fee is a question for the determination of the court, taking into consideration the nature of the litigation, the amount involved in the controversy, the length of time utilized in preparation for and the trial of the case and other related factors viewed in the light of the knowledge and experience of the court as a lawyer and judge; it is not necessary in this connection that he hear any evidence on the matter although it is proper that the court may have before it the opinion of experts."

*Smith v. Great Basin Grain Co.*, 98 Idaho 266, 281, 561 P.2d 1299, 1314 (1977) (citations omitted).

In awarding J-U-B attorney fees in this case, the district court stated the following:

In awarding attorney fees this court is considering the testimony of attorney John Bailey, the complexity of the issues, the experience of counsel for J-U-B and concludes the hourly rate charged by counsel for J-U-B to be reasonable and is [sic] similar to the prevailing rate for experienced counsel. This court further concludes it was necessary for J-U-B's counsel to review voluminous documents in defending their clients. This court further concludes most of the work performed by counsel for J-U-B prior to August 15, 2005, involved defending the breach of contract claim pursued by BECO Construction.

There is substantial evidence in the record to support the district court's conclusion that most of the work performed by counsel for J-U-B prior to August 15 involved defending against BECO's contract claim. We need not evaluate that evidence at length, however, as there is nothing in the record that can support the court's decision to award J-U-B $1,938.08 more than the entirety of attorney fees that J-U-B incurred through August 15.

As the district court concluded that only most of, rather than all, the work up to that date related to the contract claim, the court's award could not be greater than the total billings to that point. We recognize that J-U-B asked the district court to award interest on any award of attorney fees, but, as counsel for J-U-B acknowledged at oral argument, an award of interest was inappropriate because pre-judgment interest is available only when damages are liquidated or are

ascertainable by mere mathematical process. *Bouten Const. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 762, 992 P.2d 751, 757 (1999). We therefore conclude that the district court abused its discretion by awarding J-U-B more in attorney fees than it incurred through August 15; the court either acted outside the bounds of the applicable legal standards by awarding interest or failed to reach its decision by an exercise of reason.

Because the district court erred by awarding J-U-B $35,600 in attorney fees incurred in connection with the original defense of the contract action, we vacate the district court's award of $5,540 to J-U-B for the attorney fees incurred in securing the erroneous award. However, BECO also asserts that the district court erred in awarding *any* attorney fees incurred in connection with determining the amount of attorney fees to which J-U-B was entitled. For purposes of guidance on remand, we address this contention.

BECO relies on a line of authority from the Court of Appeals in support of its claim of error. That court has held that a party may not recover attorney fees on appeal pursuant to I.C. § 12-120 when the issue on appeal is the *amount* of attorney fees awarded by the trial court, rather than the *entitlement* to an award. *See Sanders v. Lankford*, 134 Idaho 322, 327, 1 P.3d 823, 828 (Ct. App. 2000); *Daisy Mfg. Co., Inc. v. Paintball Sports, Inc.*, 134 Idaho 259, 263, 999 P.2d 914, 918 (Ct. App. 2000); *Bldg. Concepts, Ltd. v. Pickering*, 114 Idaho 640, 645, 759 P.2d 931, 936 (Ct. App. 1988); *Spidell v. Jenkins*, 111 Idaho 857, 861, 727 P.2d 1285, 1289 (Ct. App. 1986); *Cheney v. Smith*, 108 Idaho 209, 211, 697 P.2d 1223, 1225 (Ct. App. 1985); *DeWils Interiors, Inc. v. Dines*, 106 Idaho 288, 291-93, 678 P.2d 80, 83-85 (Ct. App. 1984). We decline to follow this line of authority. Rather, we hold today that courts may award reasonable attorney fees incurred in connection with the effort to secure a reasonable amount of attorney fees.

This Court previously addressed this issue when considering a prevailing party claiming attorney fees under a contractual provision. In *Lettunich*, this Court found that that the prevailing party was entitled to an award of attorney fees incurred in "the continuation of the litigation in order to determine the amount that he is entitled to be awarded in attorney fees." 145 Idaho at 752, 185 P.3d at 264. We stated: "Where he had a legal right to recover attorney fees as the prevailing party in the action, litigation over the amount of the attorney fee award is also part of the legal action for which he is entitled to an award of attorney fees." *Id*. We can discern no principled basis for treating claims for attorney fees under I.C. § 12-120 in a different fashion.

Relying on this Court's previous decisions in *Rockefeller v. Grabow*, 136 Idaho 637, 645, 39 P.3d 577, 585 (2001), *Weaver v. Searle Bros.*, 129 Idaho 497, 502, 927 P.2d 887, 892 (1996), and *Brooks v. Gigray Ranches, Inc.*, 128 Idaho 72, 77-79, 910 P.2d 744, 749-51 (1996), BECO also asserts that the memorandum of costs and fees submitted by J-U-B is inadequate to permit the district court to meaningfully apportion the attorney fees incurred in the defense of the contract action from the remaining claims. The difficulties with this argument are two-fold. First, while the original memorandum of costs and fees incurred by J-U-B does not categorize the fees specifically according to claim, many of the entries are clearly for work performed defending the contract claim—for example, those entries describing fees incurred in "obtain[ing] and review[ing] initial contract." Thus, unlike the district courts in the above cited cases, the district court in this case may find, in its discretion, that J-U-B's memorandum does in fact provide it with enough detail to properly apportion the fees among the different claims. Second, on remand, the district court has discretion to permit amendment of the memorandum of costs. *See Ada County Highway Dist. v. Acarrequi*, 105 Idaho 873, 874-75, 673 P.2d 1067, 1068-69 (1983); *Medrano v. Neibaur*, 136 Idaho 767, 770, 40 P.3d 125, 128 (2002) (Eismann, J., dissenting).

For the foregoing reasons, we vacate the district court's order requiring the auditor to pay J-U-B $41,140 and remand the case to the district court for a proper determination of the amount of attorney fees due to J-U-B for the defense of the contract claim. On remand, the district court shall direct J-U-B to return the $41,140 to the court and the court shall, in turn, release that sum to BECO.[1]

**B. We decline to award attorney fees on appeal.**

Because we vacate the award of attorney fees to J-U-B, J-U-B has not prevailed and is thus not entitled to attorney fees on appeal. *Rollins v. Blaine County*, 147 Idaho 729, 732, 215 P.3d 449, 452 (2009). BECO has not requested attorney fees on appeal.

---

[1] Based upon the record before this Court, it appears that the balance of the bond has previously been released to BECO.

Although neither party has addressed the issue, it is clear that BECO need not have previously posted the cash bond. Rule 16(a), I.A.R., provides that "[n]o undertaking on appeal for costs shall be required." Rule 54(e)(5), I.R.C.P., provides that "[a]ttorney fees, when allowable by statute or contract, shall be deemed as costs in an action . . . ."

## IV. CONCLUSION

We hold that the district court abused its discretion in awarding J-U-B more in attorney fees than it incurred in defending against the contract claim and thus vacate the court's decision ordering the auditor to pay counsel for J-U-B $41,140 from BECO's cash bond. We remand with instructions that the district court order J-U-B to return the $41,140 to the court, which shall in turn release that sum to BECO. On remand, the district court shall determine the proper amount of attorney fees due to J-U-B for defending against BECO's contract claim, which may include reasonable attorney fees incurred in securing that award. We do not award attorney fees on appeal. Costs to BECO.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.