Monique KOWALOW, Plaintiff—Appellant,

v.

CORRECTIONAL SERVICES CORPORATION, et al., Defendants—Appellees.

No. 01–35285.

D.C. No. CV–99–1344–TSZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2002.

Decided April 8, 2002.

Before ALARCÓN, SILVERMAN, Circuit Judges, and TEILBORG,* District Judge.

## MEMORANDUM **

Monique Kowalow ("Kowalow") sued her former employer, Corrections Services Corporation ("CSC") on August 18, 1999 asserting Title VII claims for hostile work environment, disparate treatment, and retaliation, as well state law claims of breach of contract, tort of outrage, and intentional infliction of emotional distress. The day after the discovery deadline, on October 5, 2000, CSC moved for summary judgment. On that same day, Kowalow moved for leave to amend her complaint. On November 29, 2000, the district court denied the motion for leave to amend as untimely and futile.

At oral argument on CSC's motion for summary judgment, the district court granted the motion in part and denied it in part. In narrowing the issues for argument, the district court determined that Kowalow failed to plead state law claims for gender discrimination, hostile work environment, retaliation, and sexual orientation discrimination. The district court found that Kowalow's Title VII claims did not necessarily encompass unpled analogous state law discrimination claims. At the conclusion of oral argument, the district court allowed Kowalow's claims for hostile work environment, disparate treatment, retaliation, and tort of outrage to

proceed and granted summary judgment in favor of CSC on the remaining claims.

CSC moved for reconsideration. The district court granted CSC's motion for reconsideration and granted CSC's motion for summary judgment in its entirety, dismissing all of Kowalow's claims with prejudice.

We review a district court's grant of denial of a motion for leave to amend for an abuse of discretion. *Acri v. International Assoc. of Machinists & Aerospace Workers, Dist. Lodge 115 of the Int'l Assoc. of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.1986). In reviewing a district court's grant or denial of a motion for summary judgment, we apply a *de novo* standard. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). Thus, we must determine, viewing the evidence in the light most favorable to the nonmoving party, whether any genuine issues of material fact exist and whether the district court correctly applied the substantive law. *Id.*

## I.

■ This Court does not look favorably on delayed motions to amend when the facts and theory have been known to the party seeking the amendment since the beginning of the action. *Acri*, 781 F.2d at 1398 (affirming district court's finding that plaintiff's motion to amend was brought to avoid the possibility of an adverse. summary judgment ruling, and that allowing the amendment would prejudice the defendant due to the need for further discovery). In an attempt to show good cause for the delay, Kowalow contends that facts discovered through the discovery process

* The Honorable James A. Teilborg, United States District Judge, District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

prompted the motion to amend in order to clarify the claims being asserted; however, Kowalow fails to point to any newly discovered facts that would support the late amendment. Thus, Kowalow's efforts to show good cause for the delay fall short.

Similarly, Kowalow's argument that CSC has not been prejudiced also fails. Kowalow contends that she sought leave to amend in order to clarify the claims already set forth in the complaint. Additionally, Kowalow contends that CSC would not have been unduly prejudiced because "[d]uring the last deposition, each of the claims set forth in the propose[d] amended complaint were discussed at length and defense counsel was invited to interrogate Ms. Kowalow regarding these claims."

To the contrary, CSC argued that the amendment sought to add a disability discrimination claim that was different from Kowalow's existing claims. Moreover, CSC contended that the amendment would have been futile because Kowalow failed to bring such a claim before the EEOC, and therefore, failed to exhaust her administrative remedies. Moreover, CSC argued that it would be unfairly prejudiced by having to engage in additional discovery, prepare another summary judgment motion, and suffer undue delay in the resolution of the case.

Based on the arguments presented in the record, the district court did not abuse its discretion in denying leave to amend for undue delay and futility. Accordingly, we affirm the district court's November 29, 2000 Order.

## II.

Kowalow appeals the district court's ruling at oral argument that she failed to adequately plead state law claims of gender discrimination, hostile work environment, retaliation, and sexual discrimina-

tion. However, Kowalow failed to raise this ruling in her Notice of Appeal and did not seek to amend her Notice to include the appeal of these claims. Moreover, Kowalow failed to present this Court with any reason why it should consider the appeal of this issue when she has disregarded the rules of appellate procedure. Accordingly, Kowalow's failure to raise this issue in her Notice of Appeal bars her from appealing the ruling here.

## III.

Kowalow appeals the district court's grant of CSC's motion for summary judgment on reconsideration.

## A.

Kowalow raises a quid pro quo claim for the first time on appeal without providing any reason for this Court to entertain the claim. Generally, this Court will not consider an issue raised for the first time on appeal. *See Bolker v. Commissioner of Internal Revenue*, 760 F.2d 1039, 1042 (9th Cir.1985) (declining to address a tax issue not argued in the Tax Court because the issue required a detailed factual inquiry and certain relevant facts were not developed in the record). Thus, this issue is not properly before us.

## B.

 Kowalow appeals the district's dismissal of her retaliation claim as beyond the scope of her EEOC complaint. Kowalow argues that she was not required to raise a retaliation claim in her EEOC complaint because it is the nature of retaliation claims that they arise after the EEOC charge. *See Gupta v. East Tex. State Univ.*, 654 F.2d 411, 413–14 (5th Cir.1981). To the contrary here, Kowalow filed her EEOC complaint after leaving CSC; therefore, any conduct that Kowalow bases

her retaliation claim on must have occurred prior to her filing the EEOC charge. The district court properly found that because Kowalow failed to describe in her EEOC complaint the retaliatory conduct on which her claim is based, she is barred from asserting the claim in district court.

To the extent that Kowalow properly raised her retaliation claim in district court, however, the court below correctly dismissed the claim because Kowalow failed to establish a *prima facie* case of retaliation. To demonstrate a *prima facie* case of discriminatory retaliation, a plaintiff must show that: (1) she engaged in a protected activity; (2) her employer subjected her to adverse employment action; and (3) there was a causal link between the protected activity and the employer's action. *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir.1994). The burden then shifts to the employer to advance legitimate, non-retaliatory reasons for the adverse actions; then the burden shifts back again to the employee to show that the employer's proffered reasons are pretextual. *Id.* at 1464–65.

### 1.

Kowalow claims that CSC wrongfully demoted her from the position of Sergeant and transferred her to a different shift. On June 20, 1999, Kowalow was involved in an incident with a detainee, which led to an administrative investigation. ER 529. CSC placed Kowalow on a different shift in a non-supervisory role, without loss in pay or benefits, pending further review. Kowalow contends that her transfer to the graveyard shift was retaliatory action and served to deter employees from making Title VII complaints.

While Kowalow's transfer to the graveyard shift into a nonsupervisory role may constitute a reassignment with significant-

ly diminished material responsibilities, the reassignment was temporary pending an investigation. In order for a tangible employment action to be actionable, it must be sufficiently final. *See Brooks v. City of San Mateo*, 229 F.3d 917, 930–31 (9th Cir. 2000). A temporary reassignment pending investigation such as this is not sufficiently final to be actionable.

Even if Kowalow has established a *prima facie* case of retaliation, CSC has proffered a legitimate reason for the temporary reassignment. CSC claims that Kowalow jeopardized the safety, security and well-being of at least one detainee and numerous staff members in the incident on June 20, 1999. Kowalow has not shown that CSC's proffered reason for her temporary reassignment was a pretext; therefore, Kowalow's retaliation claim based on the temporary reassignment fails.

### 2.

■ Shortly after the temporary reassignment, Kowalow advised CSC that she was under medical treatment for depression. CSC placed her on medical leave and suspended its administrative review pending her return to work. ER 529–30. In January 2000, Kowalow claims that CSC informed her that a security clearance must be obtained prior to her return to work due to the length of time she remained on leave. *Id.* Kowalow alleges that this was a "scheme" to prevent her from returning to work after taking medical leave. Kowalow, however, does not connect the "scheme" with any complaints of harassment or discrimination.

Even if Kowalow has demonstrated a *prima facie* case for retaliation, however, CSC has proffered a legitimate reason for the delay in Kowalow's reinstatement. CSC contends that as required under their Federal Services Contract with the Immi-

gration and Naturalization Services ("INS"), CSC must obtain INS approval to reinstate Kowalow. Four months later, CSC gave Kowalow the *option of returning* to work, but she chose not to return. Kowalow failed to demonstrate that the proffered reason was false. Accordingly, the district court properly dismissed Kowalow's retaliation claim.

## C.

■ Kowalow appeals the district court's grant of summary judgment on her hostile work environment claim. A female plaintiff states a *prima facie* case of hostile work environment when she alleges conduct which a reasonable woman would consider sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Ellison v. Brady*, 924 F.2d 872, 879 (9th Cir.1991).

In determining whether Kowalow demonstrated a hostile work environment, the district court excluded allegations of sexual preference discrimination offered in support for Kowalow's claim because Title VII does not protect against harassment based on sexual orientation.[1] Relying on the remaining relevant evidence, the district court determined that only one alleged act occurred during the limitations period and that the alleged conduct was insufficient to create an abusive working environment.

Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment – an environment that a reasonable woman would find hostile or abusive – is beyond Title VII's purview. *See Ellereth*, 524 U.S. at 754, 118 S.Ct. 2257. While one alleged act may suffice to create a hostile work environ-

ment claim, the incident must be extremely severe. *Brooks*, 229 F.3d at 926. In *Brooks*, this Court previously found that a single event more severe than the single act which occurred here was insufficient to constitute a claim for sexual harassment. *See id.* Thus, the single event here is similarly insufficient.

Nevertheless, Kowalow avers that the comments regarding her sexual orientation were motivated by Kowalow's rebuff of her supervisors' advances; therefore, the harassment was "because of ... sex," and accordingly, should not have been excluded by the district court. However, Kowalow relies on inadmissible evidence to prove the causal link between the sexual orientation comments and gender discrimination animus; therefore, the district court properly excluded the comments based on sexual orientation.

■ Alternatively, Kowalow argues that because the harassment has been ongoing, the district court should have applied the continuing violations doctrine to extend the limitation period. Liability is limited to the conduct occurring within the applicable limitations period; however, the continuing violations doctrine allows courts to consider conduct that would ordinarily be time barred "as long as the untimely incidents represent an ongoing unlawful employment practice." *Morgan v. National R.R. Passenger Corp.*, 232 F.3d 1008, 1014–15 (9th Cir.2000), *cert. granted*, 533 U.S. 927, 121 S.Ct. 2547, 150 L.Ed.2d 715 (U.S. June 25, 2001) (No. 00–1614) (quoting *Anderson v. Reno*, 190 F.3d 930, 936 (9th Cir.1999)). However, under the continuing violations doctrine, alleged incidents of discrimination cannot be isolated, sporadic, or dis-

---

1. Although Kowalow cites to incidents of alleged sexual preference discrimination as evidence of a hostile work environment, she does not argue in her opening brief that the district court erred in excluding such evidence, or otherwise adequately raise this issue on appeal.

crete. *Id.* at 1015. Even applying the continuing violations doctrine, Kowalow fails to establish a hostile work environment claim. Thus, we need not reach whether CSC established a *Faragher* affirmative defense.

AFFIRMED

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.