MEMORANDUM **
*721 1. The district court did not abuse its discretion by denying the Millenkamps’ motion to amend the complaint. A court abuses its discretion when it bases its decision on an incorrect view of the law or a clearly erroneous finding of fact. Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir.2005). “Abuse of discretion is a highly deferential standard, under which the appellate court cannot substitute its view ... for that of the district court; rather, the review is limited to assuring that the district court’s determination has a basis in reason.” Id. (internal quotation marks and citation omitted). Although this court may have made a different decision, we cannot say that the district court either based its decision on an erroneous view of the law or on clearly erroneous facts. Therefore, we must affirm.
The standard of review for amending a Rule 16 scheduling order must be applied in making our decision, rather than the liberal amendment standards of Rule 15.[1] Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir.1992). The party seeking amendment of a Rule 16 order must show “good cause” for the untimely amendment — a standard which “primarily considers the diligence of the party seeking the amendment.” Id. at 609. Here, the Millenkamps have not been diligent in seeking an amendment. They admit that the amendment is not based on any new facts. They have not argued that there were any circumstances which prevented them from amending the complaint between the original filing in October 2003 and the amendment deadline, August 2, 2004. Nor have they shown that they could not have amended at any time prior to trial in 2006. Even under Rule 15, a district court does not abuse its discretion by denying amendment after a final judgment when “the movant presents] no new facts but only new theories and provide^] no satisfactory explanation for his failure to fully develop his contentions originally.” Vincent v. Trend W. Technical Corp., 828 F.2d 563, 570-71 (9th Cir.1987) (internal quotation marks and citation omitted).
Under Rule 16, it is irrelevant that granting leave to amend may not have prejudiced Davisco, because the motion was filed six months prior to the new trial date and no new discovery was necessary. The same “good cause” standard for amending would have applied between August 2004 and the first trial in May 2006, even though discovery concluded by November 2004. It would be incongruous to find the district court abused its discretion in denying leave to amend at this late date, when the court would have been justified in denying leave to amend at an earlier date under similar facts and the same standard.[2]
2. The district court did not abuse its discretion in awarding attorney’s fees to Davisco. The party challenging the award of fees has the burden of submitting evidence to show which hours were duplicative or unreasonable. Gates v. Deukme-jian, 987 F.2d 1392, 1397-98 (9th Cir.1993). Here, because the time records submitted by Davisco were sufficiently de *722 tailed to segregate the allowed fees from the hours expended on the negligence claims, the fee award was proper. BECO Constr. Co. v. J-U-B Engineers Inc., 149 Idaho 294, 288 P.3d 1216, 1220-21 (2010). Although the Millenkamps argue that the hours billed by Davisco are unreasonable, they point to no evidence in the record to show that the fees awarded by the district court included duplicative hours. “If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut.” Moreno v. City of Sacramento, 534 F.3d 1106, 1116 (9th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The Millenkamps argued, without citation to any authority, that the scheduling order had “expired” upon remand. However, the magistrate judge in interpreting the order did not hold that it had expired, and the district court, in issuing a new scheduling order did not prolong the previously established deadlines for amending the complaint or discovery.

. We agree with Judge Korman that the Mil-lenkamps’ case presents sympathetic facts. However, as a court of appeals, we are governed by the standard of review and must defer to the judgment of the district court, rather than making a de novo decision. Because we cannot say the district court abused its discretion, we must affirm.