Joseph **LOCHRIDGE**, Plaintiff,

v.

**CITY OF TACOMA**, Department of Public Utilities, Tacoma Rail, a Municipal Corporation, Defendant.

**CASE NO. C14-5053 RJB**

United States District Court,
W.D. Washington,
at Tacoma.

Signed December 8, 2014

James K. Vucinovich, Rossi Vucinovich PC, Seattle, WA, Sara B. Amies, Stephen A. Teller, Teller And Associates PLLC, Seattle, WA, for Plaintiff.

Millard Joseph Sloan, Jr., Tacoma City Attorney'S Office, Tacoma, WA, Tracey Holmes Donesky, Minneapolis, MN, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT

ROBERT J. BRYAN, United States District Judge

This matter comes before the Court on Plaintiff's Motion to Amend Complaint. Dkt. 31. The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

### INTRODUCTION AND BACKGROUND

On October 29, 2012, Plaintiff Lochridge filed a complaint with OSHA alleging a violation of the Federal Rail Safety Act (FRSA), 49 U.S.C. § 20109. The complaint provides in its entirety as follows:

> Complainant claims that on or about June 23, 2012, he was brought up on charges and on or about September 4, 2012, he was discharged from employment with Respondent Tacoma Rail in retaliation for raising a safety concern regarding the shoving procedure and for filing an OSHA complaint on October 8, 2010. Complainant further alleges that the charges and termination were in violation of the June 15, 2012, OSHA Settlement Agreement. Complainant claims that Respondent's actions violate the Federal Rail Safety Act, 49 U.S.C. Section 20109.

Dkt. 37–1

After the Department of Labor did not issue a final decision within 180 days of the filing of the complaint, the instant Complaint was filed in this Court on January 17, 2014. Dkt. 1; Dkt. 37–2. Within the Complaint, Lochridge admitted to entry of a Settlement Agreement on June 12, 2012, of the prior 2010 OSHA complaint, acknowledged that

such agreement "result[ed] in resolution of various safety-related complaints brought by plaintiff pursuant to the FRSA" and further expressly acknowledged that such Settlement Agreement "represented the complete resolution of the issues brought forth in Plaintiff's complaint." Dkt. 1. Lochridge attached a copy of the Settlement Agreement to the Complaint. Dkt. 1 at 9-12. Although the Complaint cites the Settlement Agreement, there are no allegations within the Complaint claiming a breach of the Settlement Agreement. The Complaint alleges that as a result of Lochridge's reporting of safety violations involving a June 23, 2012 rail yard incident, the Defendants terminated Lochridge's employment. Dkt. 1 at 4-5.

The Court issued a Minute Order Setting Trial and Pretrial dates on April 23, 2014. Dkt. 20. In response to a stipulated motion, the Court entered an order extending the deadlines. Dkt. 25. This order extended the deadline for completion of discovery to January 4, 2015, and the dispositive motion deadline to February 3, 2015. *Id.*

Nearly a year after filing his Complaint and on the eve of the close of discovery, Lochridge seeks leave to file an Amended Complaint. Dkt. 31. The amendment seeks to add a "breach of contract claim" premised of a purported violation of the Settlement Agreement. *Id.* at 1-2. Lochridge seeks to justify the amendment by asserting that "[d]uring discovery, new facts have come to light that tend to show Defendant violated an OSHA brokered settlement agreement regarding protected activities that the parties entered into on June 15, 2012, shortly before events occurred which Defendant then relied upon to terminate Plaintiff's employment. Defendant denies these allegations. When Plaintiff filed his Complaint, he was aware of the close timing of Defendant's decision to terminate him after he accepted the OSHA settlement agreement, but at the time of filing, he was unaware of evidence discovered in the course of this litigation, which tends to show that Defendant violated the OSHA agreement." *Id.* at 1-2.

Defendant opposes the motion to amend.

## AMENDMENT STANDARDS

Amendments to pleadings involve the applicability of Rules 15 and 16 of the Federal Rules of Civil Procedure and are dependent upon the timing of the amendment request as it relates to the various deadlines established in the pretrial case management order. Rule 15(a)(2) provides that, except in circumstances not present here, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give ... when justice so requires." Fed. R. Civ. P. 15(a)(2). Although leave to amend is liberally granted, undue delay, bad faith, or undue prejudice are grounds for denying leave. *Acri v. International Assoc. of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir.1986). Additional factors when determining whether to grant a motion to amend are dilatory motive on part of the moving party and futility of the amendment. *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir.1999).

■ Fed. R. Civ. P. 7(b)(1) requires a party seeking to amend to "state with particularity the grounds for seeking" the amendment. W.D. Washington Local Civil Rule 7(b)(1) requires that "if the motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion." Lochridge asserts that "new facts" support amending the complaint to add a cause of action for breach of the Settlement Agreement. Lochridge fails to identify what such alleged facts are to support the amendment. Rather and to the contrary, the motion contains nothing more than the bare, conclusory and bald allegation that new facts exist which could not have been learned prior to discovery. Lochridge's failure to identify with any specificity the purported new facts or point to a document, or deposition testimony describing such purported "new facts" is fatal to the motion and the motion should be denied. See *Allen v. Seattle Pub. Schools,* 2009 WL 992031, at *3 (W.D.Wash.2009).

Further, the courts have consistently disfavored and denied late motions to amend the

pleadings particularly "when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Inter'l Assoc. of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.1986). Here, Lochridge certainly was aware of the Settlement Agreement and its terms at the time of filing the Complaint. The Settlement Agreement was, in fact, referenced in the Complaint. Lochridge has offered no explanation to support the contention that he could not have known of a purported violation of the Settlement Agreement at the initiation of this lawsuit. Undue delay supports the denial of the motion to amend.

Lochridge has also failed to show good cause for permitting the amendment of the Complaint. W.D. Washington Local Civil Rule 16(b) provides that the court shall enter a written scheduling order and further provides that "[t]he parties are bound by the dates specified in the scheduling order. A schedule may be modified only for good cause and with the judge's consent. Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." This provision is bolstered by W.D. Washington Local Rule 16(m), which states that "[i]n order to accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court, the provisions of this rule will be strictly enforced."

Although Fed. R. Civ. P. 15 generally provides for liberal amendment to pleadings, once a pretrial scheduling order has been entered pursuant to Fed. R. Civ. P. 16(b)(1), an additional showing of "good cause" for amendment must be made if the scheduling order's deadline for amending pleadings has passed. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir.1992); *Chao v. Westside Drywall, Inc.*, 709 F.Supp.2d 1037, 1071–72 (D.Or.2010).

■ For purposes of Fed. R. Civ. P. 16, the "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson*, at 609. The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking

the modification was not diligent, the inquiry should end and the motion to modify should not be granted. *Millenkamp v. Davisco Foods Intern., Inc.*, 448 Fed.Appx. 720, 721 (9th Cir.2011); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002).

Although this Court's scheduling order does not set a specific deadline for seeking amendments to the complaint, Lochridge's motion, if granted, necessarily requires modification of the scheduling order. Permitting the amendment to add a new cause of action would necessarily require the Court to extend the discovery deadline to permit the Defendant to respond to the new allegations. The amendment would also require an extension of the deadline for dispositive motions in order that the Defendant may challenge the claim, if appropriate. Good cause must be shown to justify any modification of the scheduling order. See *Kowalow v. Correctional Services Corp.*, 35 Fed.Appx. 344, 346–47 (9th Cir.2002)

■ Moreover, a district court may deny as untimely an amendment motion filed after the scheduling order's cut-off date where no request to modify the scheduling order has been made. *Johnson*, 975 F.2d at 608–09 ("We see no reason to deviate from that approach here, but the result would not change if Johnson's motion to amend the complaint were treated as a de facto motion to amend the scheduling order). See also *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir.1985).

Lochridge has failed to demonstrate diligence in attempting to comply with the scheduling order and has also failed to demonstrate good cause for modifying the scheduling order. Here, the proffered reasons are conclusory and do not constitute good cause.

■ Even if Lochridge were able to establish due diligence in attempting to comply with the scheduling order, Lochridge still must demonstrate that an amendment of the complaint would be proper under Rule 15. If "good cause" can be shown, the movant must then demonstrate that amendment is warranted under Fed. R. Civ. P. 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

608 (9th Cir.1992). Courts are to consider the following factors when determining whether or not granting leave is proper: undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir.1999). Of these factors, prejudice to the opposing party is the most important factor. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir.1990).

Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading. *Jackson,* at 1388. A party that contends it learned "new" facts to support a claim should not assert a claim that it could have pleaded in previous pleadings. See, *Chodos v. West Publishing Co.,* 292 F.3d 992, 1003 (9th Cir. 2002). As previously noted, Lochridge has failed to show that the facts necessary to plead a breach of contract claim were not available at the outset of this litigation.

The second factor to consider is the potential prejudice to the Defendant. Prejudice may effectively be established by demonstrating that a motion to amend was made after the cutoff date for such motions, or when discovery had closed or was about to close. See, e.g., *Zivkovic v. Southern Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of plaintiff's motion for leave to amend where proposed amendment would have added additional causes of action which would have required further discovery and discovery was set to close five days after motion to amend was filed); *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir.1999) (stating that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"); *Solomon v. North Am. Life & Cas. Ins. Co.,* 151 F.3d 1132, 1139 (9th Cir.1998) (affirming the denial of leave to amend where the motion was made "on the eve of the discovery deadline" and "[a]llowing the motion would have required re-opening discovery, thus delaying the proceedings"). When "additional discovery would have to be undertaken" because the amended pleading contains "different legal theories and require[s] proof of different fact[s]," the opposing party may be prejudiced. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir.1990).

Lochridge's addition of a breach of contract claim late in this litigation prejudices the Defendant because it will require additional fact discovery and necessitate a new case schedule, including a trial delay. Allowing the amendment would deny the Defendant the ability to conduct discovery to clarify the basis upon which Lochridge seeks to impose breach of contract liability against the Defendant and deny any discovery as to what evidence exists in support of the claim. Because the case is on the eve of the discovery deadline, the Court would need to reopen those deadlines. Lochridge's amendment will cause the Defendant to incur additional legal costs in defending a new claim. Therefore, the factor of prejudice to the opposing party weighs against granting leave to amend the complaint.

Leave to amend need not be given under Rule 15 if it would be futile to do so, such as "if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 538 (9th Cir.1989). A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988).

The Defendant contends that Lochridge's proposed amendment to the complaint is futile. Administrative exhaustion is a prerequisite to federal court jurisdiction for violations of the FRSA. 49 U.S.C. § 20109(d)(2)(iii). Lochridge's OSHA complaint did not raise the issue of a breach of the OSHA-brokered Settlement Agreement. The FRSA provides a limitations period for asserting such violations—specifically such complaint must be filed with the Secretary of Labor and "commenced not later than 180 days after the date on which the alleged violation .. occurs." *Id.* at 49 §§ 20109(d)(1), 20109(d)(2)(ii). Accordingly, because Lochridge failed to al-

lege and administratively exhaust the claim of breach of the settlement, and is now beyond the limitations period to do so, any such purported amendment by Lochridge is futile and the amendment should be denied.

### CONCLUSION

Lochridge's motion to amend the complaint lacks the necessary specificity and should be denied. Additionally, Lochridge unduly delayed bringing this motion to amend the complaint. Granting the request would prejudice the Defendant and require a modification of the scheduling order without a showing of good cause. It also appears that the amendment would be futile for failure to exhaust administrative remedies and as being outside the limitations period.

Therefore, it is hereby **ORDERED**:

Plaintiff's Motion to Amend Complaint (Dkt. 31) is **DENIED.**