FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BILL MILLENKAMP and SUSIE MILLENKAMP, husband and wife, dba Millenkamp Cattle, | No. 10-35013 |
| Plaintiffs - Appellants, | D.C. No. 1:03-cv-00439-EJL-LMB |
| v. | |
| DAVISCO FOODS INTERNATIONAL, INC., | MEMORANDUM* |
| Defendant - Appellee. | |

| | |
|---|---|
| BILL MILLENKAMP and SUSIE MILLENKAMP, husband and wife, dba Millenkamp Cattle, | No. 10-35664 |
| Plaintiffs - Appellants, | D.C. No. 1:03-cv-00439-EJL-LMB |
| v. | |
| DAVISCO FOODS INTERNATIONAL, INC., | |
| Defendant - Appellee. | |

       *      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted July 11, 2011
Seattle, Washington

Before: CLIFTON and N.R. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[**]

1.     The district court did not abuse its discretion by denying the Millenkamps' motion to amend the complaint. A court abuses its discretion when it bases its decision on an incorrect view of the law or a clearly erroneous finding of fact. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). "Abuse of discretion is a highly deferential standard, under which the appellate court cannot substitute its view . . . for that of the district court; rather, the review is limited to assuring that the district court's determination has a basis in reason." *Id.* (internal quotation marks and citation omitted). Although this court may have made a different decision, we cannot say that the district court either based its decision on an erroneous view of the law or on clearly erroneous facts. Therefore, we must affirm.

---

[**]     The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for Eastern New York, Brooklyn, sitting by designation.

The standard of review for amending a Rule 16 scheduling order must be applied in making our decision, rather than the liberal amendment standards of Rule 15.[1]  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  The party seeking amendment of a Rule 16 order must show "good cause" for the untimely amendment—a standard which "primarily considers the diligence of the party seeking the amendment." *Id.* at 609.  Here, the Millenkamps have not been diligent in seeking an amendment.  They admit that the amendment is not based on any new facts.  They have not argued that there were any circumstances which prevented them from amending the complaint between the original filing in October 2003 and the amendment deadline, August 2, 2004.  Nor have they shown that they could not have amended at any time prior to trial in 2006.  Even under Rule 15, a district court does not abuse its discretion by denying amendment after a final judgment when "the movant present[s] no new facts but only new theories and provide[s] no satisfactory explanation for his failure to fully develop his

[1] The Millenkamps argued, without citation to any authority, that the scheduling order had "expired" upon remand.  However, the magistrate judge in interpreting the order did not hold that it had expired, and the district court, in issuing a new scheduling order did not prolong the previously established deadlines for amending the complaint or discovery.

contentions originally." *Vincent v. Trend W. Technical Corp.*, 828 F.2d 563, 570-71 (9th Cir. 1987) (internal quotation marks and citation omitted).

Under Rule 16, it is irrelevant that granting leave to amend may not have prejudiced Davisco, because the motion was filed six months prior to the new trial date and no new discovery was necessary. The same "good cause" standard for amending would have applied between August 2004 and the first trial in May 2006, even though discovery concluded by November 2004. It would be incongruous to find the district court abused its discretion in denying leave to amend at this late date, when the court would have been justified in denying leave to amend at an earlier date under similar facts and the same standard. [2]

2. The district court did not abuse its discretion in awarding attorney's fees to Davisco. The party challenging the award of fees has the burden of submitting evidence to show which hours were duplicative or unreasonable. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1993). Here, because the time records submitted by Davisco were sufficiently detailed to segregate the allowed

---

[2] We agree with Judge Korman that the Millenkamps' case presents sympathetic facts. However, as a court of appeals, we are governed by the standard of review and must defer to the judgment of the district court, rather than making a de novo decision. Because we cannot say the district court abused its discretion, we must affirm.

fees from the hours expended on the negligence claims, the fee award was proper. *BECO Constr. Co. v. J-U-B Engineers Inc.*, 233 P.3d 1216, 1220-21 (Idaho 2010). Although the Millenkamps argue that the hours billed by Davisco are unreasonable, they point to no evidence in the record to show that the fees awarded by the district court included duplicative hours. "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

**AFFIRMED.**

FILED

AUG 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Millenkamp v. Davisco Foods Int'l, Inc., No. 10-35013, 10-35664

KORMAN, District Judge., dissenting:

Bill and Susie Millenkamp raise calves near Jerome, Idaho. In 2002, the Millenkamps purchased milk permeate from Davisco Foods International ("Davisco") to feed their calves. Soon after they began feeding the permeate, the calves began to sicken and die. Subsequently, a complaint was filed against Davisco, alleging that the permeate was the cause of death. The causes of action included breach of an express warranty and breach of an implied warranty of fitness for a particular purpose.

Prior to trial, the district court entered the first of three scheduling orders. The first set the trial date for April 5, 2005, and the date for all amendments to pleadings and joinder of parties for June 1, 2004. Consistent with the purpose of Rule 16(b)(4), the scheduling order declared that the deadline should be extended for good cause shown because "[a]ll parties are entitled to know the claims and parties well before trial." Scheduling Order at 1, *Millenkamp v. Davisco Foods Int'l, Inc.*, No. 03-439 (D. Idaho Mar. 10, 2004), ECF No. 14. Subsequently, on July 21, 2004, after the initial due date, the scheduling order was amended to extend the deadline to amend pleadings and join parties to August 2, 2004. And on February 11, 2005, the trial date was moved to January 17, 2006. Then, on September 21, 2004, although containing a pro forma recital of good cause, the scheduling order was amended again for no

1

apparent reason. The district court, however, included a handwritten note "that by granting this stipulation the scheduled trial date may necessarily be affected." Third Order Extending Deadlines, *Millenkamp v. Davisco Foods Int'l, Inc.*, No. 03-439 (D. Idaho Sept. 21, 2004), ECF No. 35. Indeed, it was extended to May 2, 2006, over a year after the initial scheduled trial date. Ultimately, the Millenkamps secured a favorable jury verdict of $303,758.92 and counsel fees of $100,158.75.

Davisco appealed, and we reversed and remanded for a new trial. *Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971 (9th Cir. 2009). We did so because the district court erred by admitting evidence, and instructing the jury, on Idaho feed labeling requirements. Such requirements were irrelevant to the two warranty claims alleged in the complaint. Significantly, we held that the result would have been different had the Millenkamps alleged a cause of action for breach of warranty of merchantability.

> The implied warranty of merchantability requires a merchant to properly label the items it sells. Idaho Code § 282-314(2)(e). A failure to label under Idaho's Milk Permeate Labeling Requirement may result in a breach of the implied warranty of merchantability, but the Millenkamps did not allege a breach of this warranty.

*Id*. at 977 n. 3.

On remand, the Millenkamps did what any reasonable party would have done in the circumstances. On May 19, 2009, a week before the district court entered a new

2

scheduling order, they promptly moved to amend their complaint to include a claim for breach of warranty of merchantability. While the scheduling order set a new trial date of November 17, 2009, and mirrored in many respects the provisions of the original scheduling order, it did not contain any deadlines for amending the complaint. Nevertheless, the magistrate judge denied the motion to amend on July 24, 2009, holding that the original scheduling order (and later amendments) required any amendment to the complaint to be made prior to August 2, 2004, unless the Millenkamps showed good cause for the amendment, which he held that they had failed to do so.

The trial which followed resulted in a verdict for Davisco. The verdict not only deprived the Millenkamps of the benefit of the initial judgment, but it also saddled them with $378,086.42 in legal fees, a sum that may do irreparable damage to this family owned farm. On this appeal, they argue that they should have been allowed to file an amended complaint, to correct the deficiency identified in our opinion reversing the judgment in their favor. The majority affirms the denial of their motion to file an amended complaint—a result for which there is no justifiable reason and which will burden the Millenkamps with tens of thousands of dollars in additional legal fees. Indeed, even the majority acknowledges that it "may have made a different decision." Majority Op. at 2. Nevertheless, it "cannot say that the district court either

3

based its decision on an erroneous view of the law or on clearly erroneous facts." *Id.*

I agree with the majority that a district court abuses its discretion as a matter of law when "it bases its decision on an incorrect view of the law or a clearly erroneous finding of fact." Majority Op. at 2 (citing *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005)). This, however, is not the only standard for reviewing a discretionary decision. The exercise of discretion ultimately involves the exercise of judgment and an abuse of discretion may arise even where a judge correctly views the law and the facts. Thus, as we have held, a reviewing court may reverse for abuse of discretion if it "has a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1042 (9th Cir. 2003); *see also, United States v. Brooke*, 4 F.3d 1480, 1487 (9th Cir. 1993)

Under either standard, the district court abused its discretion here. Passing over the apparent willingness of the district court to extend repeatedly the pleading and trial dates in the scheduling order, if both parties agreed, the stated purpose of the cutoff date for amended pleadings was that "[a]ll parties are entitled to know the claims and parties well before trial." Scheduling Order at 1, *Millenkamp v. Davisco Foods Int'l, Inc.*, No. 03-439 (D. Idaho Mar. 10, 2004), ECF No. 14. The holding that this cutoff date applied to a retrial after a reversal means that an error which we held could have

4

been corrected by an amended complaint, could not be corrected even though the correction could have been accomplished consistent with the stated purpose of the cutoff date. Moreover, the fact that the scheduling order for the second trial, which did not address the issue, was entered *after* the Millenkamps moved to file an amended complaint, and which set a trial date six months after the motion was filed, strongly argues against the farfetched notion that the original scheduling order remained in place in the context of the unusual circumstances of this case.

Perhaps more significantly, even if the original scheduling order applied, there was plainly good cause for allowing the amended complaint to be filed. After all, the motivation for the amended complaint was an error of law that was committed by the district court judge, who erroneously admitted evidence and instructed the jury based upon his assessment of the allegations in the complaint. While the Millenkamps' attorney may have borne some responsibility for this error, this is not a case in which the desire to file an amended complaint was an afterthought following the entry of a final judgment. In a perfect world, such errors would not be made. Nevertheless, the law has developed safety valves that include the exercise of informed discretion to save parties from the injustice that would result from saddling them with the consequences of good faith errors that cause little or no prejudice to the opposing party. *See United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985) ("Implicit in the

5

creation of this discretionary power is the assumption that truth and justice cannot be captured by mere language, but require the intervention of human sensibilities.") (internal citation omitted).

Significantly, in choosing a good cause standard for modifying a scheduling order, the Advisory Committee deliberately chose a standard less demanding than the manifest injustice standard for amending an "order issued after a final pretrial conference," Fed. R. Civ. P. 16(e). The Committee did so because, "the scheduling order is entered early in the litigation," Advisory Committee Note to Fed. R. Civ. P. 16(b)(4), and any more demanding test would cause the parties to "fear that extensions w[ould] not be granted [and] may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery." *Id.* The irony here is that the wooden application of the good-cause standard, which the majority affirms, is even more rigorous than the stricter manifest-injustice standard that the Advisory Committee set as the standard for a motion to amend a final pretrial order.

Nor can this result be justified by the dictum in the majority opinion that "[e]ven under Rule 15, a district court does not abuse its discretion by denying amendment *after a final judgment* when 'the movant present[s] no new facts but only new theories and provide[s] no satisfactory explanation for his failure to fully develop his contentions originally.'" Majority Op. at 3–4 (quoting *Vincent v. Trend W.*

6

*Technical Corp.*, 828 F.2d 563, 570–71 (9th Cir. 1987)) (emphasis added).

Passing over the less-than-seamless cases upon which *Vincent* relies, and the fact that it did not rely upon Rule 15, *Vincent* has nothing to do with this case because it addresses the issue of an effort to amend a complaint after the entry of a final judgment. A final judgment has yet to be entered in the present case. Our original reversal contemplated a new trial and not a final judgment of dismissal, because the district court admitted evidence and charged the jury in a way that resulted in a verdict for the plaintiff. The only reason for the amendment was an oversight in drafting the complaint. Indeed, in denying the Millenkamps' motion to amend, the United States magistrate judge held that the exercise of his discretion was governed by Rule 16 and simply stated that he "will not now exercise [his] discretionary authority to allow Plaintiffs to amend their complaint in order to raise a claim that was not pursued initially from the outset of this action." Order at 8, *Millenkamp v. Davisco Foods Int'l, Inc.*, No. 03-439 (D. Idaho July 24, 2009), ECF No. 235. No prejudice to the defendant was cited, nor would the filing of an amended complaint have delayed the trial date. Moreover, this is not a case in which the plaintiff seeks to draw out the proceedings with repeated amendments to the complaint. An amended complaint, if followed by an adverse jury verdict, will add hundreds of thousands of dollars to the already grossly inflated legal fees to which they are subject to under Idaho law.

Under the unique circumstances of this case, the denial of the motion to amend, six months before the scheduled trial date (the latter of which the district court judge seemed quite willing to extend repeatedly in deference to the joint agreement of the parties) constituted an abuse of discretion. The affirmance of that holding constitutes a manifest injustice.